EMILY MEEKER *et al.,* Plaintiffs in Error, *v.* HENRY B. EVANS *et al.,* Defendants in Error.

### ERROR TO FULTON.

In conducting judicial sales, good faith by the officer and purchaser must be observed; and when several distinct tracts of land are to be sold by a master, or other officer, they should be offered separately, unless it is evident that the land will realize more when sold in one tract, than when sold separately.

THIS was a bill for partition and assignment of dower. A decree was rendered approving the allotment of dower, and also the report of commissioners, stating that the premises were so situated that a division thereof could not be made without manifest prejudice to the proprietors of the same, and the master was directed to sell the premises, (subject to the dower interest) at public vendue, after giving notice, etc., and directing a division of the proceeds, after the payment of costs, etc. The master offered and sold all of said real estate, but his report does not show that he offered or sold the different tracts separately; but it appears from affidavits filed in the court below, on motion, that the land was offered in one body, and sold on one bidding. A part of the land sold, had been used and cultivated as two separate farms, being divided by a highway; and that others of the tracts were disconnected from the farm.

The decree was rendered by BAILEY, Judge.

GOUDY, JUDD & BOYD, for Plaintiffs in Error.

L. W. ROSS, for Defendants in Error.

WALKER, J. In conducting judicial sales good faith must be observed, as well by the purchaser as by the officer, entrusted by the court and the law, to enforce its judgments and decrees, in that mode. The rights of all parties to the proceeding must be regarded, and properly protected. When, by a violation of the requirements of the law, by the officer conducting a sale, or by the purchaser at the biddings, the rights of the owner are sacrificed or injuriously affected, the court will interpose, and set aside the sale, and require it to be again offered. Any

Meeker et al. *v.* Evans et al.

fraud by the purchaser, by which competition is prevented, or any neglect of duty on the part of the officer producing that result, is regarded as sufficient grounds to order a re-sale. Any departure of the officer, from the requirements of the law, or from the terms of the decree under which he acts, or the neglect of any other duty which results in material injury to the owner, will be held sufficient to set aside a sale.

It must be observed, that slight deviations from either, producing no injury, will not have that effect. There must ever be such a degree of stability given to judicial sales, as will inspire confidence that they will not be disturbed for trifling irregularities, producing unimportant injuries. Otherwise, all property thus sold, would be liable to great sacrifice, for the want of confidence on the part of purchasers.

It would seem, that when several distinct tracts of land are ordered to be sold by the master, under a decree, it is the duty of that officer to sell each tract separately, unless it is evident that the land will be more valuable in one than in several tracts. *American Insurance Company* v. *Oakley*, 9 Paige, 259. It is believed that this rule is of general if not uniform application. It is not material whether this sale is governed by the statute regulating sales under executions at law, or under the common law, as in either case the rule is the same. *Day* v. *Graham*, 1 Gilm. 435. When several tracts of land are sold *en masse*, for a gross sum, on the same biddings, the presumption is, that it must have been sold for a smaller amount than they would have brought, had each tract been offered separately. When offered *en masse*, persons of limited capital are necessarily precluded from competing at the sale. And when such a sale is made, and an objection is interposed on that ground, to its confirmation, it will be set aside; unless the evidence clearly shows that it has produced more money than it would have done had it been offered in separate parcels.

In this case it appears from the evidence, that the master offered at the same time, and struck off to the purchaser, for the gross sum of five thousand dollars, all the lands described in the decree. They consisted of a number of tracts, in different quarter sections, some of them in different townships, not only not adjoining, but a portion of them miles apart. There is nothing in the evidence which shows that these lands had been used and enjoyed as one farm, and even if there was, it would be the duty of the master to sell them in separate tracts, unless it was evident that it would produce more as one, than several tracts. In this the evidence entirely fails; and from the large number of acres, being widely separated, and their great value, it is not probable that such could have been proved to be the

fact. On the contrary, it is shown that it was sold for only five thousand, when it was worth from ten to twelve thousand dollars. When we see that this sale was not in accordance with the requirements of the law, and a loss of from five to seven thousand dollars has resulted, we can have no hesitation in holding that the court erred in refusing to set aside the sale, and ordering the property to be resold.

The order of the court below in confirming the sale is therefore reversed, and the cause remanded.

*Decree reversed.*