## THEODORE HILL

*v.*

## ELMER D. BACON.

1. HOMESTEAD — *to what it extends.* Under our statute, the lot of ground and buildings owned and occupied by the debtor and his family, to the value of $1,000 is exempt from levy and forced sale. The court will take judicial notice, that a quarter section of land is made up of four forties, each with well defined bounds. This being so, it is competent to inquire the value of the forty so occupied, and if it does not exceed $1,000, the same is exempt, unless released in the mode prescribed by the statute. To refuse such inquiry is error.

2. ACKNOWLEDGMENT — *conclusiveness of certificate.* Where the certificate of acknowledgment appears substantially in the form prescribed by the statute it is conclusive, and can only be impeached for fraud or imposition practiced.

3. NOTARY PUBLIC — *extent of power.* Under the law providing for notaries public, although they are appointed in towns and cities, yet they are county officers, and are not confined in their action to the particular town in which they reside. The acknowledgment of a deed being a mere ministerial act may be taken by a notary public anywhere within the limits of the county.

APPEAL from the Circuit Court of De Kalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

The facts of the case sufficiently appear in the opinion of the court.

Mr. R. L. Divine, for the appellant.

Mr. Charles Kellum, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

Three questions are presented by this record: First, did the homestead right extend to the entire quarter section of land? Second, can the certificate of acknowledgment of a deed by a magistrate be impeached by parol? And, third, could the notary public, who officiated in this case, take an acknowledgment of a deed at any place in the county in which he resides?

The answer to each of these questions must be in the negative, except the last.

As to the first, the homestead act cannot be misunderstood in its provisions. The language is plain and unmistakable: There shall be exempt from levy and forced sale the lot of ground and the buildings thereon, occupied as a residence and owned by the debtor, being a householder and having a family, to the value of $1,000, and no release or waiver of such exemption shall be valid unless the same shall be in writing, etc.

It is in proof, that the lot on which the improvements were, and occupied by the defendant, was the south-east forty of this quarter section. The court will know judicially, that a quarter section of land is made up of four forties, each with well defined bounds. This being so, it was competent to inquire, what was the value of the forty so occupied, and if it did not exceed the value of $1,000, the land was exempt, and if not released in the mode prescribed by the statute, remained the homestead against which the deed of defendant was inoperative. There was error in refusing this testimony.

Upon the second question, this court has already expressed an opinion, after much reflection, that when the certificate of acknowledgment appears substantially in the form prescribed by the statute, such certificate is conclusive, and can only be impeached for fraud or imposition practiced. *Graham* v. *Anderson*, 42 Ill. 514.

On the last point, we understand the law providing for the appointment of notaries public to be, that although they are appointed in towns and cities, yet they are county officers, and they are not confined in their action to the particular town in which they may reside. Justices of the peace are elected for particular districts, yet it has never been doubted that they were county officers, whose jurisdiction was co-extensive with the limits of the county.

This act of taking an acknowledgment of a deed, is a mere ministerial act, and can be taken by a notary public anywhere within the limits of the county.

The court having ruled out the testimony offered, as to the value of the lot on which the homestead was, and having permitted evidence to contradict the certificate of the officer taking the acknowledgment, and having refused to instruct, that the power of the notary extended throughout the county of his residence, as to taking acknowledgments of deeds, and for these errors the judgment must be reversed.

But, as we hold, that the acknowledgment of the quitclaim deed was properly certified, and as it contains a formal and proper waiver of the homestead, the plaintiff was entitled to recover the entire quarter section, and such should have been the verdict. The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*