## WILLIAM S. HAY
### *v.*
## GEORGE BAUGH *et al.*

1. HOMESTEAD—*whether adjoining lot constitutes part of.* Where the lot upon which a debtor resides is worth more than $1000, an adjoining lot, though in the same inclosure, will not be exempt from levy and sale as constituting a part of the homestead.

2. JUDICIAL SALE—*selling two distinct lots together.* Where two distinct lots are sold *en masse* on execution, the judgment debtor, or his grantee succeeding to his rights, will have the right to have the sale set aside before the right of redemption expires, by motion, unless special circumstances are shown rendering a sale *en masse* proper.

3. It is the duty of an officer, under execution, to sell land levied upon in such quantities and manner as to produce the highest price and work the least injury to the debtor; and an entire tract of land should be sold in separate parcels only when it will not produce injury to the debtor.

4. SAME—*after delay, equity will not set aside, except in case of fraud, wrong or oppression.* Where a judgment debtor, or his grantee, has ample remedy by motion to set aside a sale of lands on execution, and fails to avail of it, he will be required, on bill in chancery after the time of redemption has expired, to show a case loudly calling to equity for relief, before the sale will be set aside. He must show a strong case of fraud, wrong or oppression, accompanied with an offer to pay the purchase money and interest.

5. SAME—*as against subsequent purchaser.* Where property sold under execution, after sheriff's deed, is sold and conveyed to another, before a court of equity will interfere to set aside the sale, it must be shown that the last purchaser is chargeable with fraud, or other inequitable conduct connected with the sale, or at least is chargeable with notice of such conduct.

6. SAME—*purchaser from defendant in execution succeeds to his rights.* A purchaser of land sold under execution, from the execution debtor, succeeds to all the rights and equities of the latter, and no more, and is entitled to precisely the same remedies.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

This was a bill in chancery, by William S. Hay against George Baugh and John Merklebach, to set aside and cancel a sale of real estate on execution, sheriff's certificate of purchase and sheriff's deed thereon, for injunction and for general relief. The material facts of the case appear in the opinion.

Mr. H. C. GOODNOW, and Mr. DANIEL HAY, for the appellant.

Messrs. W. STOKER & SON, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that, in October, 1870, one Baugh recovered a judgment in the Marion circuit court against Alexander D. Hay, impleaded with Simpson. An execution was issued and

levied on lot 2 in block 27, and lot 4 in block 50, in the town of Centralia. On the 25th of February, 1871, these lots were offered, by the sheriff. for sale separately, but, receiving no bid for either, he offered both together, when they were bid off by the plaintiff in execution for the sum of $627.99. The sheriff gave to the purchaser a certificate. and there having been no redemption, he received a sheriff's deed for the premises; that, on the 20th day of July, 1871, Alexander D. Hay sold and conveyed lot 2 in block 27 to complainant; that Baugh, on the 1st day of February, 1873, after obtaining the sheriff's deed for the lots so sold, conveyed to appellee, Merklebach, lot 2 in block 27.

It also appears that, at the time the judgment was obtained, and the sheriff sold the property, Alexander D. Hay owned lots 1 and 2 in block 27 ; that they were inclosed. and he had a house on lot 1, in which he and his family resided ; that this lot, with its improvements, was worth from $1500 to $2000. It is claimed that lots 1 and 2 constituted Hay's homestead, and that neither could be sold without being set off under the statute. It is also claimed that Hay had other real estate than that upon which he resided and the lot in block 50. subject to levy and sale, which should have been levied upon and sold before any portion of the lots on which he resided could be sold, and the sale *en masse* was illegal and void.

The evidence wholly fails to sustain the allegation that Hay had other real estate than that levied upon and the lot on which he resided. This renders all discussion of this question unnecessary.

Was. lot 2 a part of his homestead, within the meaning of the statute? We think, under the circumstances of this case, most clearly not. The statute exempts the lot of ground upon which the debtor resides with his family, not the inclosure. the homestead or farm.

In this case, Hay resided on lot 1, which was worth more than $1000, and it was his homestead. *Reinbach* v. *Walter*, 27 Ill. 393; *Tourville* v. *Pierson*, 39 Ill. 447; *Hill* v. *Bacon*,

43 Ill. 477 ; *Hubbell* v. *Canady*, 58 Ill. 425. Lots 1 and 2 are separate tracts of ground, and are distinct legal sub-divisions under the town plat, as much so as are two different quarters of land. We can, in this case, see no pretense for holding lot 2 was exempt from levy and sale. To so hold would not be to construe the statute, but to override and disregard it. There is nothing in this objection.

It is also urged, that the sale was illegal because it was *en masse*. The statute in force then, as now, provided that property should be sold by sheriffs in such parcels, when susceptible of division, as should be necessary to satisfy an execution, and it was held, that it was the duty of the officer to sell the property in such quantities and manner as to produce the highest price and work the least injury to the debtor, and an entire tract of property should only be sold in separate parcels when it will not produce injury to the debtor. *McLean Co. Bank* v. *Flagg*, 31 Ill. 290 ; *Meeker* v. *Evans*, 25 Ill. 322 ; *Phelps* v. *Conover*, ibid. 309. These cases only apply to adjoining property, or to an entire tract that is susceptible of division without injury to the debtor.

In the case of *Cowen* v. *Underwood*, 16 Ill. 22, it was held, that cases might occur where, after offering the tracts separately, and they failed to sell, that a sale *en masse* might be made, though ordinarily it would be proper to adjourn the sale. And the same rule was announced in *Phelps* v. *Conover*, *supra*. There is nothing in the bill to show that this was not such a case.

It appears that the plaintiff purchased at this sale, and the defendant in execution, before, and the complainant, after, he purchased, had the undoubted right, before their right of redemption had expired, to have this sale set aside, by motion in the court from which the execution issued, unless such a case could be shown as is contemplated by the cases holding that circumstances may arise rendering a sale *en masse* proper. Where an entire quarter section is sold as one tract, or some other general division embracing smaller tracts, it might be

readily shown, in many cases, that it would be to the interest to sell the tract as an entirety. but where they are wholly separated from each other, and in nowise connected, the cases would be rare. although they may exist, where such a sale would be beneficial to the debtor.

Inasmuch as appellant had an ample remedy, by motion, to set aside this sale, and failed to avail himself of it, he should be required to show a case calling loudly to equity for relief, before the sale would be set aside. He should not be permitted, after the time for a redemption expires, to set it aside, unless he can show a strong case of fraud, wrong or oppression. A defendant has no right to lay by and permit the purchaser to obtain a deed. then have the action of the officer abrogated, thus delaying the creditor in the collection of his debt, when, by applying to one of the two terms of the circuit court occurring after the sale, and before the right of redemption expires, he could obtain complete justice. When he fails to so act, he should be required to present a strong case, accompanied with an offer to pay the purchase money and interest. Appellant has shown no such case.

Again, appellee is, so far as the record discloses, a *bona fide* purchaser, after the purchaser at the sheriff's sale had obtained his sheriff's deed. In such a case, a court of equity can not interfere, unless such purchaser can be charged with fraud or other inequitable conduct connected with the sheriff's sale, or, at least, chargeable with notice of such conduct.

In this case, there was two years' delay after the sale and before the bill was filed. Even if there had been irregularities, entitling appellant to relief, had application been made in time, unless explained, the presumption must be indulged that appellant has waived them. The debtor may, undoubtedly, waive all such irregularities; and failing to act promptly, he must be presumed to have done so, unless he can, in equity, show sufficient grounds for the delay. He can not be permitted to await his convenience, and thus prevent his creditor from realizing his money or the benefit of his sale, until

it suits his own convenience to move in the matter; and appellant having purchased about six months before the time to redeem had expired, he became entitled to all of the rights of the defendant in execution, but no more, and he must be governed by the same rules that apply to the defendant in execution. He is entitled to the same, but not different remedies.

We perceive no error in the decree, and it is affirmed.

*Decree affirmed.*