## James Flynn v. Carrie J. Wilkinson et al.

1. ESTOPPEL—*Not by Statements in a Borrowed Abstract of Title.*— The mere act by the owner of an abstract of title of allowing a party to use it as an accommodation, can not have the effect of binding such owner to answer for any representations of title contained in the abstract.

2. SALES EN MASSE—*Motion to Set Aside.*—Where a judicial sale of land is irregular, as being made *en masse*, persons affected thereby may have the same set aside by motion before the period for redemption expires.

3. IMPROVEMENTS—*Pass by Foreclosure Sale.*—Improvements put upon lands pass by a foreclosure sale.

**Memorandum.**—Foreclosure proceedings. Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

E. C. SWIFT, attorney for appellant.

A. E. WHEELER, ARMSTRONG & HANNA and CLARENCE GRIGGS, attorneys for appellees.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

Appellant filed his bill to foreclose a mortgage made to him February 19, 1891, by Carrie J. Wilkinson and husband, upon lot 13, in block 3, of Strawn and Hammond's addition to Ottawa, to secure the sum of $300 and interest. It was alleged in the bill that at the time the mortgage was made there was a judgment in the County Court of La Salle county in favor of Daniel Hitt against Emily Weiss, a former owner of the lot; that a tract of land and the lot were sold together April 21, 1891, by virtue of an execution issued on the judgment, to Albert E. Butters, and a deed was subsequently made to said purchaser; that Butters afterward conveyed the lot by quit-claim deed to Edgar Eldredge, who afterward conveyed it by quit-claim deed to Alden E.

Wheeler, and Wheeler conveyed it by like deed, December 8, 1892, to Jacob Barr, and that Barr, on the same day of the conveyance to him, executed a mortgage to Lorenzo Leland on the lot, to secure the sum of $600, and interest. All said parties were made defendants, and are the appellees in this court. It was charged in the bill that the title of Barr and the mortgage of Leland were subject to appellant's mortgage, on the ground that appellant's mortgage was taken on the faith of an abstract furnished by Barr, and representations made by him as to the title, and that all the defendants had notice of appellant's lien, and the circumstances under which it was acquired. The defendants answered, and Leland filed a cross-bill to foreclose his mortgage. On a hearing the court dismissed appellant's bill at his cost, for want of equity, and gave relief to Leland upon his cross-bill.

The evidence failed to sustain the charges of appellant's bill against Barr. At the same time that lot 13 was conveyed by Emily Weiss and husband to Carrie J. Wilkinson, and said Carrie J. Wilkinson and husband executed the mortgage to appellant, said Emily Weiss and husband conveyed lots 14 and 15 in the same block to Barr, who had an abstract of title to said lots 14 and 15, made by the recorder of La Salle county, and loaned the abstract to the attorney who drew the papers. It did not purport to be an abstract of the title to lot 13, and the caption and certificate related to lots 14 and 15 only; but it showed a conveyance of all three of the lots to Emily Weiss, and it was doubtless supposed by the attorney that if there were no judgments which were liens on the lots named in the caption as stated in the certificate, there would be no such liens on lot 13. But Barr made no representations as to the title or liens, and so far as appears, believed the recorder's certificate to be true. He was not guilty of any fraud or deception nor in any manner responsible for the failure to examine the title to lot 13. His mere act of allowing the use of his abstract as an accommodation could not have that effect.

Appellant had a right to redeem from the sale under the

execution against Emily Weiss within twelve months from such sale, and by failing to make such redemption, his mortgage lien was extinguished. It is argued, however, that the sale was invalid because the lot was sold with a tract of twenty acres located elsewhere. The point was not made by the bill, but the sale *en masse* was offered as an excuse for not redeeming because appellant could not tell how much was necessary to redeem the lot. If, however, there was an irregularity in the sale in that respect, appellant had an ample remedy by motion to set aside the sale during the time allowed for redemption. Having allowed that period to expire, he could not be permitted to set it aside for such reason. Hay v. Baugh, 77 Ill. 500. It is also suggested that lot 13 was a homestead and exempt from sale. This question also was not raised by the bill, but the evidence negatives the claim that it was a homestead.

After Barr acquired title, derived from the execution sale, he obtained a quit-claim deed of lot 13, on January 28, 1893, from Carrie J. Wilkinson and husband in consideration of $320, consisting of a pre-existing debt to him, and it is claimed that he took the deed charged with all the liabilities of the grantors, because there was a dower right in Gottlieb Weiss, husband of Emily Weiss, not barred by the execution sale, which inured to the benefit of Barr through the quit-claim deed. So far as appellant's mortgage lien was concerned Barr was able to show that it had been extinguished by a sale under the execution and a failure to redeem. The lien was not kept alive by the existence of an outstanding dower right in Gottlieb Weiss, and taking the quit-claim deed neither revived the lien nor made Barr, who claimed and held under a different and paramount title, personally liable for the debt.

Appellant also claims that he should have had an allowance to the extent of improvements put upon the premises by Wilkinson, for which purpose the money loaned by appellant was used. The premises were subject to the lien of the judgment which was of record and afforded notice to all parties interested.

The improvements passed upon a sale of the premises to the purchaser, and there were no circumstances which would have justified such an allowance. The decree will be affirmed.