By the Court :
The commission was issued to Miss Adams under authority supposed to be conferred upon the governor by the act of April 26, 1898, to amend sections 110 and other sections of the Revised Statutes, (93 O. L., 405). Before the amendment, the pertinent provision of this section was: ‘ ‘ The governor may appoint and commission as notaries public as many persons having the qualifications of electors,” etc. In the amended section the phrase “having the qualifications of electors,”is omitted.
The amendment is ineffectual for the purpose contemplated, because section 4, of article 15 of the constitution ordains that “no person shall be elected or appointed to any office in this state unless he possess the qualifications of an elector.” The qualifications of an elector are prescribed in section 1 of article 5 of the constitution, and it is required that an elector shall be a male citizen of the United States. That a notary public is an officer, seems clear from the nature of his functions, as well as from the authorities upon the subject.
That a notary is an officer, and that a woman is ineligible under these constitutional provisions, are propositions distinctly held in 9 Col., 628. That a notary is an officer, is held in Hill v. Bacon, 43 Ill., 477 and 150 Mass., 586. The same conclusion is implied in Warwick v. The State, 25 Ohio St., 21, where it is held that a woman may be deputy clerk *616 of the probate court, because the acts of such deputy are nob independent, but are the acts of the principal.
The contrary view is not supported by the State ex rel v. Cincinnati, 19 Ohio, 178, and the State ex rel. v. Board of Education, 9 O. C. C. R., 134. It was held in those cases that the qualifications of an elector are not essential to the holding of positions of an official character under the school laws, because of the effect of the constitutional provisions relating especially to the subject of schools. Those cases have not sufficient breadth or strength of foundation to admit of additional superstructure.
The conclusion here reached is in accord with that announced in State ex rel. v. McKinley, 57 Ohio St., 627.

Judgment of ouster.