# Russell C. Mix *et al.*

### *v.*

# Harriet King.

1. HOMESTEAD—*whether the wife may have a remedy in respect thereto, in the life time of her husband.* Where the husband has abandoned his wife, leaving her in possession of the homestead, but failing to provide her any support, if she be wrongfully ousted from the possession she is entitled to a standing in court, to maintain a suit in her own name, for the assertion of her right in respect to the homestead, even during the life time of her husband.

2. SAME—*effect of a judgment in ejectment—omission of the wife to plead.* Husband and wife executed a mortgage upon premises occupied by them at the time as a homestead, but there was no release of the homestead right. Afterwards, the husband abandoned his wife, leaving her in possession of the homestead, but providing her no means of support. A sale of the premises was had, under a power in the mortgage, and the purchaser thereat subsequently brought ejectment against the husband, and recovered a judgment, and thereupon ousted the wife from her possession by force: *Held*, the judgment in ejectment, so far as the right of homestead was concerned, was a nullity; and although a writ of possession issued upon such judgment would be sufficient, legally, to effect the purpose of expelling the wife from the premises, yet it would not impair or destroy the homestead right.

3. Nor would the right of the wife, in such case, to assert her claim to the homestead, be at all impaired by her omission to plead it in the ejectment suit, as she was not a party thereto.

4. SAME—*remedy of the wife in such case.* In such case, the judgment in ejectment against the husband would be a bar to any remedy at law in behalf of the wife, to recover the possession under her claim of the homestead right; so she has her remedy in chancery against the party who ousted her under the judgment, to restore her to the proper enjoyment of that right.

5. SAME—*of the proper adjustment of the rights of the parties.* Upon bill in chancery filed by the wife, against the plaintiff in the ejectment suit, who thus expelled her from the possession of the homestead, for the purpose of asserting her homestead right, the proper mode of adjusting the rights of the parties was determined to be, to take an account of the rents and profits received by the defendant, deducting therefrom the taxes paid by him and all necessary repairs put upon the premises; and inasmuch as the premises were worth over $1000, to make an order, in analogy with the statute, to set off the homestead in kind, and if that could not be done, that the premises be sold, unless the defendant would pay to the complainant $1000, the value of her homestead, and the balance due for rents and profits, and that the same should be a lien on the premises.

6. TRUST—*whether it exists.* A sale was had, under a power of sale in a mortgage, of premises occupied by the mortgagors, husband and wife, as a homestead, of which, however there was no release in the mortgage. At the sale there was an agreement between the wife and the purchaser, that the former should have the right of redemption therefrom, within one year, by the re-payment of the purchase money, with twenty-five per cent interest. Other persons present at the sale, were ready and willing to secure the property for the wife, but for this agreement. Some two years after the sale the purchaser recovered a judgment in ejectment against the husband, under which he ousted the wife from possession, the husband in the meantime having abandoned the wife, leaving her without the means of support. Within the year after the sale the wife had an interview with the purchaser on the subject of the redemption, and could then have obtained the money by mortgaging the premises, which he would not permit to be done. No further effort was made by her towards redemption for six years after the sale, when she filed her bill in chancery against the purchaser, seeking thereby to establish a trust relation between him and herself in respect to the property: *Held,* the relation of trustee and *cestui que trust* did not exist. The *laches* on her part was inconsistent with such relation, the purchaser having for five years after the time of redemption expired, been permitted to pay taxes, and make repairs and improvements on the premises, involving a large expenditure of money.

APPEAL from the Circuit Court of Kane county; the Hon. SILVANUS WILCOX, Judge, presiding.

The opinion states the case.

Messrs. PARKS & ANNIS, for the appellants.

Mr. A. M. HERRINGTON and Mr. A. G. McDOLE, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Harriet King filed her bill, asking that the sale of certain premises therein described, be set aside, the deed cancelled, and for other relief.

In 1858, she, and her husband, then living with her, executed a trust deed on the property, to Justin S. Morrill, to secure the payment of $660, a part of which is averred to be usury. There was no release of the homestead right. In 1859 Morrill, by virtue of the power granted to him in the deed, sold the premises to Russell C. Mix, appellant, for $666.48, and executed to him a deed. At the time of the sale Mix agreed with the complainant that she might redeem from the sale, within one year, by the re-payment of the purchase money, with twenty-five per cent interest. There were other persons at the sale, ready and willing to secure the property for Mrs. King, but for this agreement.

She had one interview with Mix before the expiration of the year, in regard to the redemption, and could have obtained the money by mortgaging the property, but he refused to permit her to do so.

The complainant was in possession at the time of the sale under the trust deed, and continued so until 1861.

Mix, in 1861, commenced an action of ejectment against Levi King, husband of appellee, to recover possession of the property, obtained judgment against him, and by force ousted

the complainant in a most violent manner. At this time Levi King was absent from the State, and in the military service of the United States, and in fact never resided on the premises since 1859, and had, for many years prior to the commencement of this suit, abandoned his wife and two children, and furnished no means whatever for their support.

In 1861 Russell Mix made a life lease of the premises to his sister, Anna Mix, for the nominal consideration of $1000, but she paid no money, and had knowledge of the possession and rights and equities of the complainant.

We are satisfied, from the evidence, that at the time the property was purchased at the mortgagee's sale, it was worth $1200 or $1500; that complainant and her children then occupied the same as a homestead; that Levi and Harriet King were husband and wife; that the homestead right had never been divested, by the execution of the mortgage or otherwise, and that there never had been any abandonment of the same; that Levi had wholly deserted his wife and children, and failed and neglected to provide any means for their support, and there was an agreement that Harriet might redeem.

Since the forcible ejectment of Mrs. King, in the year 1861, Mix has had the possession of the premises, and has enjoyed the rents and profits.

The court below set aside the sale, and decreed that Mrs. King should have possession in thirty days, but took no account between the parties.

Mix purchased with full knowledge of her rights under the law. The judgment in ejectment, so far as the right of homestead was concerned, was a nullity.

It is contended that Harriet King, during the life time of her husband, can not sue, and that the homestead right is his alone, while living. Under such construction the statute is wholly inoperative, upon the abandonment of the wife by the husband. He may leave her and her children, and make no provision for them, and the strong arm may deprive her of

home, and she is without remedy. Thus the beneficent intention of the statute will be entirely frustrated, and the deserted wife and abandoned children are without the protection of the law. We can not agree to a construction so mischievous in its effects, and which would thwart the very object of the law. When abandoned and unprovided for, she is entitled to a standing in court, to have her wrongs redressed, and her rights maintained. *Love* v. *Moynehan*, 16 Ill. 277.

This bill was filed in behalf of the deserted wife and infant children, and contains averments sufficient for the interposition of equity. It avers that the premises, in which the right of homestead has never been released, were bought, and are held, as trust property; that a large amount of rents has been received by the purchaser, since the forcible expulsion of the wife and children, and that there was usury in the original loan, for the satisfaction of which the property was sold.

The proof does not establish the relation of trustee and *cestui que trust*. We shall not decide whether the wife, in 1859, and prior to the desertion of the husband, was capable of making an agreement in relation to the redemption of the property, which she could enforce after she was abandoned. Concede the correctness of this, and yet the wife has not so acted as to merit our interference. The time of redemption expired in 1861, and this bill was filed in 1866. At no time has any money been paid or tendered. There has been no proper effort made to redeem. For five years the purchaser was permitted to pay taxes, and make repairs and improvements, on the property, involving a large expenditure of money. This indifference and *laches* can not be recognized. They are wholly inconsistent with the alleged relation between the parties.

It was error, then, to set aside the sale made by the trustee. There was no irregularity, no violation of the power. The fee was in the husband, and by virtue of the trust deed and sale this fee has become vested in the purchaser, subject to the right of homestead. *McDonald* v. *Crandall*, 43 Ill. 231.

Is there, under the circumstances of this case, adequate remedy at law? If not, what relief will equity afford? Neither ejectment nor forcible detainer could be maintained by the wife for possession. The judgment in ejectment, obtained by the purchaser against the husband would be a bar, for under that the wife and children could be dispossessed. The possession of the wife is the possession of the husband. Under the facts, therefore, there is no remedy at law.

The trustee's sale and deed, however, were wholly inoperative as to the homestead. This had not been released in the mode pointed out by the statute, and from no subsequent conduct can we infer a waiver or surrender of it. The removal from the premises was forcible, not voluntary. Though the writ of possession, if one was used at the time of the expulsion, was sufficient, legally, to effect the purpose, yet this did not impair or destroy the homestead right. This would have been a bar to the recovery in ejectment, if it had been pleaded. The omission to plead it cannot deprive of the right, for the wife was no party to the suit.

Married women and infants should always be the peculiar care of courts of chancery. In this case the purchaser, with full knowledge of the possession and the rights of the wife and children, ejected them from the premises with force and violence. He has for years wrongfully enjoyed the rents and profits. He has received a large amount of money, which, in equity and conscience, belongs to the wife. He has also expended money in the payment of taxes, and for repairs of the property. This should be set off against the rents. To prevent a multiplicity of suits, adjust the accounts between the parties, and do complete justice, in placing appellee in the possession of property of which she was unjustly deprived, the bill should be entertained. It would be flagrant injustice to close our ears to the appeals of the deserted wife, and leave her to the slow and imperfect relief which the law might afford. It is alike the province and the duty of equity to give a full, prompt and adequate remedy. This woman, abandoned by

her legal protector, without any means of support, except her own unaided efforts, oppressed and deprived of a right given to her by law, and expelled from her home in a manner which excites our just indignation, should be a favorite object of a court of equity.

At the time of the trustee's sale, the property was worth over $1000, and it is now worth $4000 or $5000. The trustee and purchaser both knew that there had been no release of the homestead. They ought not to have by the strong arm that which was not, and could not have been, sold by the terms of the trust deed. The purchaser must be presumed to know the law, and that he had no right to the possession, except by the voluntary assent of the wife.

The decree of the court below is therefore reversed, with directions to take an account of the rents and profits received by appellants, and the payment of taxes and all necessary repairs, and adjust the same between the parties, and when this has been done, that an order be made, in analogy with the statute, to set off the homestead in kind, and if this can not be done, that the premises be sold, unless the defendants in the court below will pay to the complainant $1000, the value of her homestead, and the balance due for rents and profits, and that the same be a lien on the premises.

The decree of the court below is reversed and the cause remanded.

*Decree reversed.*