ZENAS N. HOTCHKISS

*v.*

SARAH BROOKS.

1. HOMESTEAD—*only to value of* $1000. The homestead which is exempt from levy and sale and from the laws of conveyance, etc., as provided by law, is an estate of homestead to the extent in value of $1000, occupied as a residence. If the premises so occupied exceed this value the householder, under the statute, is entitled to a homestead therein of that value and no more, and the value above that sum is subject to the debts of the householder and controlled by the laws of conveyance in the same manner and to a like extent as if no exemption had been provided by law.

2. Where a husband, being the owner of real estate occupied as a residence, conveys the same without his wife joining in the deed and releasing

the homestead, and afterwards deserts her, and the property is worth more than $1000, the wife will succeed to his estate of homestead, and the grantee may apply to a court of equity and have the homestead set off, or in case this can not be done, have $1000 awarded to the wife in lieu of her homestead right, and thus acquire the possession of the granted premises.

APPEAL from the Appellate Court of the Second District; the Hon. NATHANIEL J. PILLSBURY, presiding Justice, and the Hon. JOSEPH SIBLEY and Hon. E. S. LELAND, Justices.

Mr. S. D. PUTERBAUGH, for the appellant.

Mr. CHARLES BLANCHARD, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Zenas N. Hotchkiss, in the circuit court of Peoria county, against Sarah Brooks, for the appointment of commissioners to appraise certain premises, under oath, and, if the same can be divided, to set off so much thereof, including the dwelling house, as, in their opinion, shall be worth $1000, to the defendant; and in case the value of the premises exceeds $1000, and can not be divided without prejudice to the interests of the parties, that the commissioners make and sign an appraisement of the value of the premises, and report the same to the court, and that complainant be permitted to pay $1000 to the defendant in lieu of her homestead right.

From the evidence and admitted facts in the record, it appears, that on the 6th day of March, 1876, Joseph W. Brooks, being seized in fee of lot 5, block 40, in Morton, Voris & Lavielle's addition to Peoria, sold and conveyed the premises, by warranty deed, to appellant, for the consideration of $2500; that Brooks then was a householder, residing upon the premises with his wife, the appellee, as a homestead; that appellee did not join in the deed or release her right of homestead; that since the date of the deed Brooks and his wife have separated and are living separate and apart; that Joseph W. Brooks has abandoned the premises and claims no

interest therein; that appellee continues to occupy the premises, claiming the same as a homestead; that the premises are of the value of $4750. The circuit court appointed commissioners, as prayed for in the bill, who examined the premises and made a report that the same could not be divided without injury to the interests of the parties, and appraised the value thereof at $4750. The court approved the report and rendered a decree requiring appellant, within ten days, to pay into the hands of the clerk of the court $1000, for the use of appellee, in lieu of her homestead in the premises; and upon such payment being made, and notice given to appellee, she should, within ten days thereafter, surrender the possession of the premises to appellant. To reverse the decree appellee sued out a writ of error to the Appellate Court, and on the hearing the decree of the circuit court was reversed and the bill dismissed.

Section 1, chap. 52, Rev. Stat. 1874, page 497, provides that every householder having a family shall be entitled to an estate of homestead to the extent in value of $1000, which shall be exempt from attachment, judgment, levy, or execution sale, for the payment of debts, and from the laws of conveyance, descent and devise, except as is provided in the act.

Section 2 continues the exemption after the death of the husband or wife, for the benefit of the survivor, so long as he or she continues to occupy the homestead, and to the children until the youngest becomes twenty-one years of age; and in case the husband or wife shall desert his or her family, the exemption shall continue in favor of the one occupying the premises as a resident.

Section 4 provides the manner in which the estate so exempted may be released, waived or conveyed.

Section 8 declares, in the enforcement of a lien in a court of equity upon premises, including the homestead, if such right is not waived or released as provided in the act, the court may set off the homestead and decree the sale of the

balance of the premises; or, if the value of the premises exceeds the exemption, and the premises can not be divided, may order the sale of the whole and the payment of the amount of the exemption to the person entitled thereto.

In the general and common acceptation of the term homestead, a homestead may be regarded as the place occupied by the householder, without regard to its extent or value; it may be a town or city lot with a costly house thereon, or it may be a section of land of great value, but it will be observed that a homestead of this character does not fall within the exemption provided by the statute. The homestead which is exempt from levy and sale and the laws of conveyance, as provided by the act of the legislature, is an estate of homestead to the extent in value of $1000, occupied as a residence. If the property occupied as a residence was worth $5000 or $10,000, the householder, under the statute, would be entitled to a homestead therein of the value of $1000, and no more. The value of the property over and above $1000 would be subject to the debts of the householder, and controlled by the laws of conveyance in the same manner and to a like extent as if no exemption whatever had been provided by law.

In *McDonald* v. *Crandall*, 43 Ill. 231, where a question similar in principle to the one involved in this case arose, it was held, that where the homestead exceeds $1000 in value, a judgment, mortgage or deed of trust becomes a lien and may be enforced against the overplus; and the same is true of the excess where there is a conveyance without a release of the exemption, as the grantee may enforce his rights to the surplus. It was there said, it has been held that where the homestead exceeds $1000 in value, a judgment, a mortgage or deed of trust becomes a lien, that may be enforced against the overplus. So of a conveyance without a release of the homestead exemption—where the value exceeds the exemption, the grantee can enforce his rights against the surplus by partition or otherwise.

The case of *Mix* v. *King*, 55 Ill. 434, is also an authority in point. In that case, a deed of trust with power of sale had been given on property occupied as a homestead, which was worth more than $1000. Default having been made in the payment of the debt secured by the deed of trust, the premises were sold by the trustees, and purchased by Mix, who subsequently brought ejectment against King, the grantor in the deed of trust, and recovered possession of the premises. On a bill filed by Mrs. King, the wife of the grantor in the deed of trust, for relief, the court held that, as the premises were worth more than $1000, it was proper to make an order, in analogy with the statute, to set off the homestead in kind, and if that could not be done, that the premises be sold, unless the defendant, Mix, should pay complainant $1000, the value of the homestead. This case again came before the court, and it was held that complainant was entitled to rents from the time she was ejected, on a homestead worth $1000, less taxes and improvements, as her interest in the premises was limited to that sum; and if it was not practicable to thus settle the account, the court should decree the payment of $1000 to complainant, with six per cent interest from the time she was dispossessed. It was there said: "As the owner of the fee had no right, under the statute, to the possession until he had set off the homestead, or paid appellee $1000, it would only be equitable and just that she now have $1000 which she should then have had, with interest from that time.  *  * Had Mix, when he obtained possession, done as the statute required, he would have assigned her a homestead or paid her $1000."

It is, however, contended that the case of *McDonald* v. *Crandall, supra,* is not an authority in point; that the grantee in a deed, where the homestead has not been released, can not deprive the grantor of the right to live upon and possess $1000 worth of the premises conveyed. Now, if this position be correct, it must follow, as a necessary consequence, that where the premises are so situated that a division can not be

made, and a homestead worth $1000 be set off, the home-
stead may be held, although it may be worth ten times the
amount exempted by the statute. Suppose the homestead
consisted of a lot of ground entirely covered by a building,
worth $10,000, which was not susceptible of division so that a
homestead of the value of $1000 could be set off, can it be
true that that entire property can be held exempt from sale
on judgment, or exempt from the laws of conveyance? If it
can, by what authority? Certainly not under the statute,
because a homestead only of the value of $1000 is protected
by the statute.

The two cases, *Hewitt* v. *Templeton*, 48 Ill. 368, and *Finley*
v. *McConnell*, 60 id. 260, have been cited as authority to sus-
tain the position of appellee, but there is nothing in either
of these cases which tends in the slightest degree to hold that
property occupied as a homestead, worth more than $1000,
and incapable of division, can be held and occupied in disre-
gard of the rights of judgment creditors, or the rights of a
grantee in a deed obtained from the party occupying the prop-
erty as a homestead, although the deed may not be acknowl-
edged as required by the statute in order to convey the
homestead.

It is urged that even under the Homestead act of 1857 no
case can be found where a grantee in a deed has ever been
allowed by a court of equity or law to deprive the homestead
occupant of the right to occupy the lot of ground upon which
he resided, to the extent of $1000, where the right has not
been released in the deed. The case of *Mix* v. *King, supra*,
has doubtless been overlooked. That case is quite analogous
to the one before us. There, as here, the homestead was
claimed by a deserted wife. There, the party claiming the
property was a purchaser under a deed of trust, which had
been given by King on the homestead property. Here,
Hotchkiss claims under a deed direct from Brooks, but there
is no difference, in principle, between the positions of the two.
There, the court refused to allow Mrs. King to set aside the

deed from the trustee to Mix, and restore her to the enjoyment of the property, but expressly held that Mix would be protected in his purchase and possession of the property, upon payment of $1000 to Mrs. King.

Much importance is attached to the fact that under our present statute a new estate has been created—an estate of homestead, to the extent, in value of $1000; while under the statutes previously in force it was only provided that there should "be exempt from levy and forced sale," etc., the lot of ground, etc., occupied as a homestead, to the value of $1000. It is true, the right conferred upon a party who occupies a tract or lot of ground as a homestead, under the act of 1857, was a mere exemption, and it is also true that, by the act of 1873, an estate of homestead was created; but, aside from the fact that one is called an exemption and the other an estate, it might be difficult to determine the difference between the two, in so far as the rights and privileges conferred upon appellee in this case are concerned. Under the one statute, the rights conferred seem to be as great as under the other; and we perceive no reason why a decision made under the old statute would not be applicable under the new one.

Much has been said in the argument in regard to the decree rendered by the circuit court being inequitable,—that it deprives Mrs. Brooks of her homestead, turns her into the street, etc. This sort of argument seems to be based upon the theory that Mrs. Brooks has the right, under the statute, to hold and occupy property as a homestead worth $4750. The statute has conferred no such right. Her estate of homestead is measured and limited in value by $1000.

In *Eldridge* v. *Pierce*, 90 Ill. 474, where the questions considered arose under our present statute, it is said: "Where the property in which this estate exists exceeds in value $1000, the excess is plainly unaffected by the statute—that is to say, the excess is liable to the same lien of judgment, attachment, etc., and to be aliened in the same manner that other real property of the householder is." * * * The $1000 in

value belongs to the householder, free from all claims of creditors and others. He may, to the extent of that, alien the property in which the interest exists, without regard to his creditors, but can only do so by observing the requirements of the statute; and whatever he may own of value in the property beyond that amount, is liable to be sold by creditors, and aliened by the householder the same as any other property in which there is no claim on account of homestead."

Under the rule announced in the case last cited, the deed made by Brooks to appellant passed all the title to the property except the estate of homestead. That did not pass, for the reason the wife of Brooks did not join in the execution of the deed.

It is also plain, that when Brooks deserted his wife, she, under the statute, became entitled to an estate of homestead in the premises, of the value of $1000. Hotchkiss, under his deed, became possessed of the fee to the property while Mrs. Brooks was in the possession thereof, clothed with her homestead rights, measured by $1000 in value. Under such circumstances, would a court of chancery, when the equitable powers of the court are invoked by Hotchkiss, deny him any and all relief in the premises, and allow appellee to retain the whole of the property when it can not be divided? This would not be equitable. On the other hand, as appellee's interest in the property was only $1000, we entertain no doubt in regard to the right of a court of equity to order a sale of the property and a division of the proceeds, or the right to enter a decree requiring appellee to surrender possession upon the payment to her of the full amount of the value of her homestead.

*Decree affirmed.*