MICHAEL MORIARTY

*v.*

THOMAS A. GALT.

*Filed at Ottawa November 17, 1884.*

1. HOMESTEAD—*whether subject to judgment lien—and to sale on execution—rights of purchaser of the premises.* Where the premises occupied by a debtor entitled to a homestead estate therein, exceed in value $1000, all in excess of that value is liable to levy and sale on execution; and when a part of the premises, of that value, is set apart to him in the manner provided by law, his estate of homestead or exemption will be confined to the part so set off to him, and the residue being left free from the exemption, may be sold on execution against him. The same rule applies to his grantee purchasing after a judgment against him becomes a lien on the excess of value above the exemption.

2. So where a judgment has become a lien upon any portion of a lot occupied by the debtor as a homestead, when the premises exceed $1000 in

value, a sale by the debtor of his interest in the property can not divest such lien and defeat the rights of the judgment creditor, and such lien may be enforced at any time within seven years from the date of the judgment.

3. But when the premises so occupied by the debtor with his family as a homestead are not worth more than $1000, the lien of a judgment against him does not attach to the property at all while it is so occupied; and in such case the debtor may sell and convey the same free from any lien of the judgment.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Whiteside county; the Hon. JOHN V. EUSTACE, Judge, presiding.

This was a bill in chancery, by Thomas A. Galt, against Michael Moriarty, and Thomas S. Beach, sheriff of Whiteside county, in which it is alleged that in 1855 William Mooney purchased lot 1, block 44, west of Broadway, in the city of Sterling, Whiteside county, and from thence hitherto has occupied the same as his homestead, he being the head of a family, and residing with them during all that time; that in 1858 Michael Moriarty recovered a judgment against said Mooney, in the circuit court, for a sum not known, upon which an execution issued, which was never levied. This judgment was revived in June, 1878, by an action of debt, and an execution thereon was sued out on July 1, 1878, which was returned no property found. Moriarty, on February 23, 1883, had an *alias* execution issued upon said judgment, and put in the hands of said Beach, as sheriff, to execute. On April 18, 1883, Beach, in pursuance of the statute, set apart to Mooney, as his homestead, the west fifty-five feet of said lot, and levied the execution upon the forty feet of said lot next east of said fifty-five feet, and advertised the same for sale on the 11th day of May, 1883. Some time prior to 1879, Richard L. Mangan recovered a judgment against said Mooney, and in pursuance of the statute caused to be set apart to Mooney, as his homestead, the west ninety-five feet of the same lot, and subjected the balance of such lot to the payment of his judg-

ment.   On April 12, 1883, Mooney and wife sold and con-
veyed, by warranty deed, said lot 1 to Thomas A. Galt, the
complainant, and the deed was recorded April 13, 1883, prior
to the proceeding under the execution in favor of Moriarty.
Galt became vested with the title to said lot 1 subsequent to
the levy and sale under the Mangan judgment and execution,
and prior to the proceedings under the execution in favor of
Moriarty.   The interest of Mooney in the west ninety-five feet
of the lot was never disturbed until after complainant became
the purchaser and owner of the same.   The bill also alleged
that if a sale was made under the said execution, it would
place a cloud upon the complainant's title, and prayed for an
injunction to prevent the making of such sale, and for other
relief.   Moriarty answered, admitting that Mooney was a
householder on August 18, 1858,—the head of a family, re-
siding with the same on said premises, and so continued until
complainant's bill was filed; and states that he obtained a
judgment against Mooney on that day, in the county court—
not in the circuit court; admits that an execution was issued
thereon, but no levy was made under the same; admits that
he obtained a judgment in an action of debt at the June term,
A. D. 1878, of the circuit court, but denies that said judg-
ment in debt was a revival of the judgment obtained in August,
1858; avers that it was a new, separate and distinct judg-
ment; admits that he caused an execution to issue on said
judgment, as charged, and that Beach, in pursuance of the
statute, set apart to said Mooney, as his homestead, the west
fifty-five feet of said lot 1, and under and by virtue of an exe-
cution issued on said judgment on February 23, 1883, levied
upon the forty feet of said lot next east of said fifty-five feet,
and had advertised the same for sale; admits the allegations
in the bill as to the proceedings under the execution issued
upon the Mangan judgment, and the sale and conveyance
of the east forty feet of said lot.   Moriarty, in his answer,
further stated that on said ninety-five feet, at the date of said

levy, were situated two dwelling houses of great value, to-wit, $1000, to remain on said lot, if used, possessed and enjoyed in connection with said lot; that the judgment of Moriarty, obtained July 1, 1878, was, on the 23d day of February, 1883, and so continued to be up to and including the 18th day of April, 1883, a valid and first lien on the west ninety-five feet of said lot over and above the value of $1000, which was the homestead exemption estate of said Mooney in said west ninety-five feet; that the value of said west ninety-five feet was, on February 23, 1883, and so continued up to and including the 18th day of April, 1883, greatly in excess of $1000,— to-wit, $2500,—and its value being in excess of $1000, said judgment was a lien on said west ninety-five feet over and above the value of $1000, and that Galt took said west ninety-five feet charged with said prior judgment lien of defendant, Moriarty. The answer of Beach, the sheriff, alleges the value of said west ninety-five feet to be greatly in excess of $1000, and sets up the proceedings had by him to set off to said Mooney his homestead of the value of $1000, including the dwelling house.

It was stipulated that the facts were as stated in the answer of Moriarty, with the following in addition, to-wit: April 18, 1883, the sheriff, on the Moriarty judgment of 1878, called three householders to appraise the west ninety-five feet of said lot 1. The appraisers set off the west fifty-five feet of said ninety-five feet for a homestead, and the balance (forty feet) was levied upon. Mooney and wife sold their interest in lot 1 to Galt for the expressed consideration of $2000, giving a warranty deed, reserving buildings and movable implements thereon,—deed recorded April 13, 1883. The statement of defendant, Moriarty, in reference to the lien of his judgment on the excess in value of said west ninety-five feet over and above $1000, is a claim of right by defendant, and not admitted as a fact by complainant. This was all the evidence heard.

The court granted the relief prayed for, and enjoined the sale of that part of the lot not set off to Mooney. This decree, on appeal, was affirmed by the Appellate Court, and Moriarty brings the case to this court on his further appeal.

Messrs. J. & J. DINSMOOR, for the appellant.

Messrs. MANAHAN & WARD, and Mr. C. J. JOHNSON, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The judgment in favor of Moriarty, and against Mooney, was recovered on July 1, 1878, and an execution was issued thereon within one year thereafter, and returned no property found. On February 18, 1883, an *alias* execution was issued and placed in the hands of the sheriff. On April 12, 1883, Mooney sold his homestead premises to the complainant, Galt, for $2000, reserving therefrom the buildings on the premises. On April 18, 1883, the sheriff summoned three householders, (Mooney still being in the possession of said premises,) and had the same appraised, and a homestead of $1000 in value was set off to him, and a levy made upon the balance. The question is presented for our determination whether the premises, or any part thereof, were subject to levy and sale after they had been sold by the judgment debtor,— or, in other words, whether a judgment becomes a *lien* upon any portion of property occupied by a debtor and his family as a homestead, where it exceeds in value $1000. If the judgment in this case became a lien upon any part of the lot in controversy, it is evident that any sale by the debtor of his interest in the property could not divest such lien and defeat the rights of the judgment creditor, and such lien may be enforced at any time within seven years, as against a purchaser from the judgment debtor.

Under the decisions of this court, where the lot of ground, with its improvements, is not worth more than $1000, the lien of a judgment does not attach to the property unless it is abandoned as a homestead. In such case there is nothing subject to forced sale upon which any lien can attach, and the debtor may sell and convey the same free from any lien of the judgment against him. *Green* v. *Marks et al.* 25 Ill. 221; *Hume* v. *Gossett,* 43 id. 297; *Wiggins* v. *Chance,* 54 id. 175; *Hubbell* v. *Canady,* 58 id. 425; *Kingman* v. *Higgins,* 100 id. 319; *Hartman* v. *Schultz,* 101 id. 437; *Bliss* v. *Clark,* 39 id. 590; *Haworth* v. *Travis et al.* 67 id. 301; *Stubblefield* v. *Graves,* 50 id. 103.

But it seems plain, from the language of the statute, that the debtor's estate of homestead is limited in extent to the value of $1000. Section 1, of chapter 52, reads: "That every householder having a family shall be entitled to an *estate* of homestead to the *extent in value of $1000,* in the farm or lot of land, and the buildings thereon, owned or rightfully possessed, by lease or otherwise, and occupied by him or her as a residence; and such homestead, and all right and title therein, shall be exempt from attachment," etc. If the property in which this estate or exemption exists exceeds in value $1000, the excess is not exempt from lien, levy and sale, and it is liable to the same *lien* of judgments, etc., and to be aliened in the same manner as other property of the debtor. (*Eldridge* v. *Pierce et al.* 90 Ill. 474; *Haworth* v. *Travis et al.* 67 id. 301; *Stubblefield* v. *Graves,* 50 id. 103.) In this case the value of the lot in which the debtor's estate of homestead was included, exceeded $1000,—the limit of such estate. As to $1000 of the lot, the judgment created no lien, and could not be enforced; but as to the excess in value, the property was liable to be levied upon and sold at any time during the existence of the lien of such judgment, and when a part of the lot of the value of $1000 was set apart, as provided by law, to the debtor, his estate of homestead became fixed, and

confined to the portion so set apart, leaving the residue entirely free from the estate and the exemption.

We think the circuit court erred in perpetually enjoining the sale of that part of the lot not set apart to the debtor as his homestead, and hold that it was liable to levy and sale, even as against the grantee of such debtor, and that the Appellate Court erred in affirming the decree of the circuit court. The judgment of the Appellate Court is reversed, and the cause remanded, with directions to reverse the decree of the circuit court, and remand the cause to that court for further proceedings in conformity with the views here expressed.

*Judgment reversed.*