Wabash Production Credit Association, a Corporation, Plaintiff-Appellee, v. Russell R. Stroup, et al., Defendants-Appellants.

Gen. No. 68–37.

Fifth District.

July 8, 1969.

 

Frank H. Walker, of Mt. Vernon, for appellant.

Richard S. Simpson, of Lawrenceville, for appellee.

MORAN, J.

On the 20th day of June, 1967, appellants filed a petition in the Circuit Court of Marion County alleging:

> "1. That Judgment by Confession was taken by Plaintiff vs. Defendants on the 28th day of October, 1965.
> "2. That a sale based on said Judgment by Confession and Execution levied thereon was held on the 21st day of June, 1966, the same being designated as the Sheriff's Judgment and Execution Sale.
> "3. That said sale of said premises then and there belonging to these defendants is described as follows, to wit; in so far as said premises effect the homestead rights of these defendants:
>
> . . . . . .
>
> "4. That at no time during any of said proceedings concerning the judgment by Confession and Execution thereon, the petition to open up said judgment, etc., or the order for sale of said premises, was any assignment of homestead interest ever made or set off to these defendants.
> "5. That the premises sold, or a portion thereof, constituted the homestead of these defendants, W. H. Smith and Nellis Mae Smith, husband and wife,

respectively, and on which these said defendants have lived and resided for the past 21 years.

"6. That these defendants are, and each of them is, entitled to a homestead interest in said premises in the principal sum of $5,000.00 each of a total of $10,000.00.

"7. That said homestead interest should be set off to these defendants prior to the making of a Sheriff's Deed to the purchasers of said premises at said Judgment and Execution Sale.

"Wherefore these defendants pray this honorable Court that the homestead interest, including a house, home, or residence of these defendants together with the outbuildings and some one acre of ground be awarded to and set off to these defendants as and for their homestead right as made and provided."

After a hearing the trial court found that appellants were entitled to a total homestead interest in the property in question in the amount of $5,000; that the rental value of said property was $50 per month and that "said value of $50.00 per month be and is hereby fixed as a charge against said exemption as and from June 21, 1966."

Defendants appeal, contending "that they are entitled to have said $5,000.00 homestead set off unto them out of the forty (40) acre tract on which the homestead stands and has stood for more than 15 years."

Appellee has filed no brief in this court.

Sections 10, 11 and 12 of the Homestead Act, (Ill Rev Stats 1965, c 52) provide:

"10. Proceedings on execution—Setting off homestead—Sale—Commissioners—Fees—Costs.) § 10. If in the opinion of the creditors, or officer holding an execution against such householders, the premises claimed by him or her as exempt are worth more than $5,000, such officer shall summon three householders, as commissioners, who shall, upon oath, to

be administered to them by the officer, appraise the premises; and if, in their opinion, the property may be divided without injury to the interest of the parties, they shall set off so much of the premises, including the dwelling house, as in their opinion shall be worth $5,000, and the residue of the premises may be advertised and sold by such officer. Each commissioner shall receive for his services the sum of $5 per day for each day necessarily engaged in such service. The officer summoning such commissioners shall receive such fees as may be allowed for serving summons, but shall be entitled to charge mileage for only the actual distance traveled from the premises to be appraised, to the residence of the commissioners summoned: Provided, the officer shall not be required to summon commissioners until the plaintiff named in the writ, or some one for him, shall advance to the officer one day's fees for the commissioners, and unless the plaintiff or creditor shall advance such fees the officer shall not be required to execute such writ. The costs of such appraisement shall not be taxed against the execution debtor unless such appraisement shall show that the debtor has property subject to such execution. As amended by act approved Aug 13, 1965. L 1965, p 2980. Effective Jan 1, 1966.

"11. When premises cannot be divided—notice to pay surplus over $5,000.) § 11. In case the value of the premises shall, in the opinion of the commissioners, be more than $5,000, and cannot be divided as is provided for in this act, they shall make and sign an appraisal of the value thereof, and deliver the same to the officer, who shall deliver a copy thereof to the execution debtor, or to some one of the family of suitable age to understand the nature thereof, with a notice thereto attached that unless the execution debtor shall pay to such officer the surplus

over and above $5,000 on the amount due on the execution within 60 days thereafter, that such premises will be sold. As amended by act approved Aug 13, 1965. L 1965, p 2980. Effective Jan 1, 1966.

"12. Nonpayment of surplus—Effect.) § 12. In case such surplus, or the amount due on the execution, shall not be paid within the 60 days, the officer may advertise and sell the premises, and out of the proceeds of such sale pay to such execution debtor the sum of $5,000, and apply the balance on the execution. As amended by act approved Aug 13, 1965. L 1965, p 2980. Effective Jan 1, 1966."

In Muller v. Inderreiden, 79 Ill 382, the court said at 384–85:

"The court, by the decree, found there was a homestead right in these premises, and whether they were or were not susceptible of division, was a fact the statute requires should be ascertained, not by the court, but by the commissioners to be appointed by the sheriff in pursuance of the statute; . . . ."

This case was quoted with approval in Lindsay v. Richards, 331 Ill 483, 163 NE 401.

In Brown v. Nelson, 379 Ill 371, 41 NE2d 499, the Supreme Court held that where a judgment debtor has a homestead, but the property is sold on execution without setting off the homestead or making the sale subject to the homestead rights, a motion filed in the same cause is the proper remedy to set aside the sheriff's sale where the period of redemption has not expired and no deed has issued, as redress should be had from the court which ordered the execution to issue.

Defendants sought redress in the same cause from the same court before their period of redemption had expired, by asking that their residence be set aside as their homestead. After determining that defendants had a homestead interest of $5,000 in the property, the trial

court should have set the sale aside and directed the sheriff to comply with sections 10, 11 and 12 of the Homestead Act, (Ill Rev Stats 1965, c 52).

For the foregoing reasons this case is reversed and remanded to the Circuit Court of Marion County for proceedings not inconsistent with this opinion.

Reversed and remanded.

GOLDENHERSH and EBERSPACHER, JJ., concur.