**In re Jay JONES a/k/a Francis Randall Jones and Betty Jones a/k/a Betty Strassman, Debtors.**

**Bankruptcy No. 93 B 04953.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

April 22, 1994.

---

Max Chill, Steven R. Radtke, Chill, Chill & Radtke, P.C., Chicago, IL, for debtors.

Joseph Stein, Chicago, IL, Trustee.

Martin W. Salzman, Richard T. Reibman, Schwartz, Cooper, Kolb & Gaynor, Chtd., Chicago, IL, for creditor (Pinnacle Bank).

## MEMORANDUM OPINION

SUSAN PIERSON SONDERBY,
Bankruptcy Judge.

This matter comes before the Court on Jay and Betty Jones' ("Debtors") Motion to Avoid Judicial Lien of Pinnacle Bank/Harvey.[1] The Court denies the Debtors' request for relief.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceed-

1. Successor by merger to First National Bank in Harvey.

2. The Court accepts the Debtors' valuation of the real estate for purposes of this motion.

3. This lien was fixed on January 14, 1993, when Pinnacle Bank filed its Memorandum of Judgment obtained in *First National Bank in Harvey*

ing under 28 U.S.C. § 157(b)(2)(A), (K) and (O).

## BACKGROUND

On March 5, 1993, Jay and Betty Jones filed a petition for relief under Chapter 11 of the Bankruptcy Code. On May 19, 1993, the case was converted to Chapter 7. Debtors own and reside at 20020 Western Avenue, Olympia Fields, Illinois, ("real estate") and allege that the fair market value of the real estate is $725,000.[2] The Debtors claimed a $15,000 homestead exemption in the real estate on their schedules. *See* 735 ILCS 5/12–901.

The real estate is encumbered with five liens which total $2,383,099.33 and have the following priorities: (1) Arthur Rosenblum holds a judgment lien in the amount of $21,617.16; (2) First Illinois Bank holds the first mortgage in the amount of $573,584.53; (3) Pinnacle Bank/Harvey ("Pinnacle Bank") holds the second mortgage and a judgment lien pursuant to foreclosure in the amount of $45,366.61; (4) Pinnacle Bank holds a judgment lien in the amount of $1,683,996.00;[3] (5) KJB Construction Management, Inc. holds four mechanic's lien claims in the amount of $58,535.03. Pursuant to their motion, Debtors seek to avoid Pinnacle Bank's judgment lien in the amount of $1,673,099.33[4] alleging that it impairs the Debtors' homestead exemption pursuant to 11 U.S.C. § 522(f)(1). Pinnacle Bank argues that Debtors are attempting to improperly strip down its lien in violation of § 506(d) citing *Dewsnup v. Timm*, —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992).

## DISCUSSION

■ The issue before the Court is whether Pinnacle Bank's judicial lien impairs an exemption which the Debtors would be entitled to under Illinois state law. *See Owen v.*

*v. Shelly International Markets, Inc., et al.,* Case No. 92 L 2071, with the Cook County Recorder of Deeds.

4. Debtors are seeking to partially avoid Pinnacle Bank's judicial lien as calculated *infra* at footnote 6.

*Owen,* 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). Section 522(b) of the Bankruptcy Code allows a debtor to determine what property to exempt. Pursuant to that section, a debtor may choose between the federal exemptions that are allowed and the exemptions provided by the state. A debtor is not entitled to that option however, if the state prohibits the debtor from electing the federal exemptions. Illinois is one such state. *See* 735 ILCS 5/12–1201.

The Bankruptcy Code protects a debtor's exemptions by providing a mechanism for a debtor to avoid the fixing of a judicial lien on an entitled homestead exemption in certain circumstances. Section 522(f)(1) states in pertinent part:

> Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, is such lien is—
>
> (1) a judicial lien;

A debtor may avoid a "judicial lien on any property to the extent that the property could have been exempted in the absence of the lien." H.R.Rep. No. 595, 95th Cong., 1st Sess. 362 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 76 (1978), U.S.Code Cong. & Admin.News 11978, pp. 5787, 5862, 6318. The "extent" of this protection is the focus of this opinion.

The Supreme Court has stated that in determining how § 522(f)(1) will be applied, the pertinent question to ask is whether the lien impairs an exemption which the debtor would have been entitled but for the lien itself. *Owen v. Owen,* 500 U.S. at 309–10, 111 S.Ct. at 1836. To ascertain the extent of Pinnacle Bank's lien impairment on the Debtors' exemption, the Court will begin with an analysis of a debtor's right to a homestead exemption according to Illinois law. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979) (State law should be analyzed to determine a Debtor's interest in property and the perfection of liens therein).

In Illinois, a judgment lien attaches to all real property in the county which the real property is located upon the filing of a transcript, certified copy or memorandum of the judgment. 735 ILCS 5/12–101. However, every individual is entitled to a homestead exemption in the amount of $7,500 and "such homestead, and all right and title therein, is exempt from attachment, judgment, levy or judgment sale for the payment of his or her debts …" 735 ILCS 5/12–901. 735 ILCS 5/12–912 states that upon the execution and sale of the premises, the proceeds of the sale will be used to pay the judgment debtor the sum of $7,500, and the balance will be applied on the judgment. In Illinois, a judgment creditor cannot force the sale of property unless more than $7,500 is bid on the homestead property. 735 ILCS 5/12–909; *Dixon v. Moller,* 42 Ill.App.3d 688, 1 Ill.Dec. 411, 356 N.E.2d 599 (5 Dist.1976) (Sale and deed void where amount bid was less than amount of individual homestead exemption); *Moriarty v. Galt,* 112 Ill. 373 (Ill.1884) (Where value of homestead property did not exceed the exemption amount, judgment lien did not attach to the property). Furthermore, the homestead estate is freely alienable. *Dixon v. Moller,* 42 Ill.App.3d 688, 1 Ill.Dec. at 414, 356 N.E.2d at 602. If upon the forced sale of the property the homestead is not setoff, the sale will be found void. *Palmer v. Riddle,* 197 Ill. 45, 64 N.E. 263 (1902); *Wabash Production Credit Ass'n v. Stroup,* 111 Ill. App.2d 289, 250 N.E.2d 184 (5 Dist.1969). Illinois courts have consistently interpreted these cited provisions as protecting a person's homestead from attachment to ensure payment of the entitled homestead amount.[5] *Cochran v. Cutler,* 39 Ill.App.3d 602, 350 N.E.2d 59 (2 Dist.1976); *Lehman v. Cottrell,* 298 Ill.App. 434, 19 N.E.2d 111 (2 Dist.1939) (both cases stating judgment lien does not attach to judgment debtor's homestead exemption).

Consequently, pursuant to Illinois law Pinnacle Bank's judgment lien does not attach or otherwise "impair" the Debtors' homestead exemption. Rather, the judgment will

---

**5.** A person may waive or release a homestead exemption if the requirements of 735 ILCS 5/12–

904 are met. This provision is not an issue in this case.

attach to any equity left over in the real estate which is over and above the amount paid on the Debtors' homestead exemption. Other bankruptcy courts confronted with the same issue have reached similar conclusions. *See In re Cerniglia,* 137 B.R. 722 (Bankr. S.D.Ill.1992); *In re Ward,* 157 B.R. 643 (Bankr.C.D.Ill.1993); *In re Harrison,* 164 B.R. 611 (Bankr.N.D.Ill.1994).

■ Debtors urge this Court to construe the word "impair" to effect the avoidance of a substantial amount of Pinnacle Bank's lien. Specifically, Debtors request the Court to apply the formula that Judge Scholl utilized in *In re Magosin,* 75 B.R. 545 (Bankr. E.D.Pa.1987) and *In re Brantz,* 106 B.R. 62 (Bankr.E.D.Pa.1989) as follows:

1. Determine the value of the real estate on which a judicial lien is sought to be avoided;

2. Deduct the amount of all liens not to be avoided from (1);

3. Deduct the Debtors' allowable exemptions from (2);

4. Avoidance of all judicial liens results unless (3) is a positive figure;

5. If (3) does result in a positive figure, do not allow avoidance of liens, in order of priority, to that extent only.

*Magosin,* 75 B.R. at 547; *Brantz,* 106 B.R. at 68. In applying this formula, Debtors seek to have Pinnacle Bank's judicial lien avoided in the amount of $1,673,099.33.[6] If allowed, Pinnacle Bank's judicial lien would be avoided except for that portion of the lien on the Debtor's pre-petition equity in the real estate. Courts which allow avoidance of liens rationalize the reading of § 522(f)(1) as follows:

[I]mpairment should be construed in a manner consistent with the fresh start purposes served by the applicable Code provisions. In this regard, in determining whether a lien impairs an exemption under Section 522(f) we apply a practical approach to determining the impact that a judicial lien may have on the debtor's ability to use a given piece of exempt property to achieve his or her fresh start.

*In re Herman,* 120 B.R. 127, 131 (9th Cir. BAP 1990). The resulting avoidance would allow a debtor to keep any post-petition appreciation in the value of the real estate, and the post-petition equity built up which would be paid upon the sale of the property. *Cerniglia,* 137 B.R. at 723. Therefore, the Debtors rather than Pinnacle Bank would benefit from the increase in the value of the real estate and this assists the Debtors in their fresh start.

■ The line of cases cited by the Debtors ignore the plain language of the Bankruptcy Code. Section 522(f)(1) states "to the extent that ..." a judicial lien impairs an exemption the debtor may avoid the fixing of that lien. A debtor's power in avoiding a lien is restricted to the extent of the impairment. This limiting language necessarily implies that to the extent a judicial lien does not impair a debtor's exemption, the lien may not be avoided. *In re Sanders,* 156 B.R. 667, 670 (D.Utah 1993); *see In re Chabot,* 992 F.2d 891 (9th Cir.1993). Furthermore, a debtor or a trustee may avoid the full amount of a lien pursuant to other sections of the Bankruptcy Code that do not contain such restrictive language. For example, Section 544(b) states that a "trustee ... may avoid any transfer ... that is voidable under applicable law ...", and Sections 547(b) and 548(a) state that a "trustee may avoid any transfer of an interest of the debtor in property ...". None of these Code sections limit or restrict a debtor's avoidance powers like Section 522(f)(1). Consequently, a debtor's avoidance powers should not be broadened pursuant to Section 522(f)(1) when a debtor's homestead exemption is not hampered. *In re Menell,* 160 B.R. 524, 526 (Bankr.D.N.J. 1993).

6.

| | |
|---|---|
| Value of the property | $ 725,000.00 |
| Less amount of all liens not to be avoided | 699,103.33 |
| | 25,896.67 |
| Less amount of Debtor's allowable exemptions | 15,000.00 |
| Amount of First Bank's judicial lien which cannot be avoided | 10,896.67 |
| Amount of First Bank's judicial lien to be avoided. | 1,673,099.33 |

In order to support the Debtors' position, the statute would have to be read to provide that a judicial lien would have to be avoided "if" it impairs an exemption. This is obviously not the language of the Bankruptcy Code and the Court will not depart from the plain meaning of the statute without substantial justification. Although the Debtors maintain that the furtherance of the Debtors' fresh start is such a basis, the Debtors in this case are not entitled to a windfall. The Debtors' fresh start is sufficiently protected by the $15,000 homestead amount that they are entitled to upon the sale of the real estate. Therefore, construing the plain meaning of Section 522(f)(1) and the interaction of Illinois law, the Debtors' homestead exemption is not impaired because it is carved out of Pinnacle Bank's judgment lien.

■ Debtors have made numerous other arguments to support their position. Debtors contend that *Cerniglia* is poorly reasoned because it relied on a misapplication of the Supreme Court case *Dewsnup v. Timm*, — U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). The *Cerniglia* court looked to *Dewsnup* for the proposition that lien stripping on real property is unavailable to a Chapter 7 debtor. *Cerniglia*, 137 B.R. at 724–25. The court used its interpretation of *Dewsnup* to disagree with the rationale of the pre-*Dewsnup* decisions of *In re Herman*, 120 B.R. 127, 131 (9th Cir. BAP 1990) and *In re Galvan*, 110 B.R. 446 (9th Cir. BAP 1990) which allowed the complete avoidance of judicial liens pursuant to a lien stripping theory. *Cerniglia*, 137 B.R. at 725. Therefore, the *Cerniglia* court did not rely on its discussion of *Dewsnup* to find that no avoidance of the judicial lien was necessary, rather the court referred to *Dewsnup* to discredit the reasoning of other courts. The *Cerniglia* court rendered its holding after analyzing Illinois homestead exemption law. Specifically, the court held that:

> [T]here is no necessity for the debtors to seek avoidance of [the judicial] lien under § 522(f)(1), as their exemption rights will be preserved to them following bankruptcy in any event. As discussed above, § 522(f)(1) does not allow the debtors to avoid the judgment lien entirely but merely provides for avoidance in the specific amount of their exemption. The debtors would gain nothing by the use of § 522(f)(1) beyond the exemption rights afforded them under state law. Since the judgment lien ... did not attach to the debtors' homestead interest, there is no impairment of the debtors' exemption and no encumbering lien to be avoided.

*Cerniglia*, 137 B.R. at 726–27.[7]

Debtors cite *In re D'Ambrosia*, 61 B.R. 588 (Bankr.N.D.Ill.1986) for authority that an Illinois bankruptcy court allowed avoidance of a portion of a judicial lien. In that case, the debtor's real estate had a value of $40,000, with a first mortgage of $13,350, leaving equity in the real estate in the amount of $26,650. The *D'Ambrosia* court specifically avoided only $7,500 of the judicial lien and found that the remainder of the judicial lien over and above $7,500 survived. *Id.* at 590. Therefore, contrary to the Debtors' argument the *D'Ambrosia* court did not avoid all but the debtor's equity in the judicial liens, but rather avoided only $7,500. This Court disagrees with the *D'Ambrosia* court to the extent it found that any avoidance of the judicial lien was necessary because as stated above, avoidance is not necessary in Illinois where the cash value of a debtor's homestead is automatically deducted from the judicial lien.

■ Lastly, the Debtors contend that allowing the liens to remain as a charge against the real estate until Pinnacle Bank enforces the lien impairs the Debtors' ability to use their rights under the homestead exemption to facilitate their fresh start. *See e.g. Herman*, 120 B.R. at 131. Particularly, the Debtors argue that no purchaser will buy the Debtors' real estate without the existing

---

7. Although the *Cerniglia* court refers to *Dewsnup* in its decision, this Court agrees with the Debtors that *Dewsnup* is not applicable to this matter. The *Dewsnup* court analyzed the strip down of a consensual lien pursuant to Section 506(a) and (d), not the avoidance of a judicial lien pursuant to Section 522(f)(1). *In re Prestegaard*, 139 B.R. 117, 120 (Bankr.S.D.N.Y.1992). More importantly, the Supreme Court found in *Dewsnup* that its holding was limited to the facts before it. *Dewsnup v. Timm*, — U.S. at ——, 112 S.Ct. at 778.

liens being addressed. A few courts have allowed full avoidance because nonavoidance results in the Debtors' title being clouded, may lead to future litigation, prevent a closing, or "otherwise impede a debtor's right to deal with his real property in a free and unfettered manner." *In re Packer*, 101 B.R. 651, 653 (Bankr.D.Colo.1989); *In re Hermansen*, 84 B.R. 729, 733 (Bankr.D.Colo. 1988). This argument is not persuasive.

The rights that Debtors contend are impaired are not rights that Debtors are entitled to pursuant to their homestead exemption. In construing Illinois state law, the Seventh Circuit defined the Debtors' homestead rights as an "estate in land" which "entitles the debtor to remain in his home rent free until he receives the cash value of the exemption." *Matter of Szekely*, 936 F.2d 897, 901, 903 (7th Cir.1991). In the event of a forced sale of the Debtors' real estate by Pinnacle Bank, the Debtors' exemption will be paid out of the sale proceeds. If that exemption is not fully paid the Debtors cannot be forced to leave the premises. *Id.* at 902 *citing Hotchkiss v. Brooks*, 93 Ill. 386 (1879). Accordingly, the Seventh Circuit stated "[t]he homestead exemption ... is designed to assist the debtor *to the extent of the exemption* to obtain more modest living quarters." *Szekely*, 936 F.2d at 903. In Illinois, the extent of the Debtors' homestead exemption is their right to remain in their real estate until the cash value of the homestead is paid, no more and no less. The Debtors' right to a homestead exemption does not entitle them to an assurance of an unclouded title or to any guarantee that there will be no future litigation concerning the real estate.[8]

 Furthermore, in Illinois judicial liens on homestead property are destroyed on the day the homestead interest is sold if the proceeds of the sale are not sufficient to cover the sum of the value of all prior liens and the homestead exemption. *Cochran v. Cutler*, 350 N.E.2d 59; *Prairie Production Credit Ass'n v. Bianucci*, 234 Ill.App.3d 1072,

175 Ill.Dec. 592, 600 N.E.2d 523 (4 Dist.1992). Therefore, any potential purchasers of the real estate should not be hindered by Pinnacle Bank's judicial lien. Even if potential purchasers are not aware of those consequences, this Court will not interpret the Bankruptcy Code on the basis that potential purchasers are uninformed concerning the effect of state law on judicial liens.

## CONCLUSION

The Court finds the Debtors are not entitled to the avoidance of the judicial lien of Pinnacle Bank/Harvey for the reasons stated above. Therefore, their motion seeking such relief is denied.

---

8. Without citing any authority, the Debtors argue that the post-petition equity and appreciation in the real estate is protected because it is not property of the estate, but rather it is property of the Debtors because it was acquired after the bankruptcy petition was filed. Section 522(f)(1) authorizes avoidance when the Debtors' exemption is impaired, it does not authorize avoidance when the Debtors' ability to build equity in the real estate is impaired.