# THE McLEAN COUNTY BANK *et al.*

## *v.*

# WILLIAM F. FLAGG.

1. SALES ON EXECUTION — *divisibility of property.* The statute regulating sales on execution, was not designed to authorize the sheriff to divide entire parcels of real or personal property, in such a mode as to become oppressive or injurious to the parties.

2. It is the duty of the officer to sell the property in such manner, as to quantity, as will produce the largest price, with the least injury to the debtor.

3. When the articles of property, or the tracts of land, are several, then the sale should be several; but when different tracts of land have become one, by extending buildings over portions of all, they lose their several character, and should be sold *en masse.*

4. PROCESS — *power of courts over it.* The power over its own process is possessed by all courts; such power is an equitable jurisdiction that is inherent in courts of law, as well as courts of equity.

5. SALES ON EXECUTION — *set aside on motion.* As between a purchaser, and the original parties to a suit, a court of law will not hesitate to set aside a sale made under its own process, for irregularity.

6. SAME — *notice* — PARTIES AND ATTORNEYS. Where the purchaser is an attorney of record, and the beneficial plaintiff in the judgment, he must take notice of irregularities in the sale.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. CHARLES EMERSON, Judge, presiding.

This case arises upon a motion made in the court below, to set aside a sale of certain real estate in the city of Bloomington, in the county of McLean, made under an execution which issued from that court.

The execution was issued upon a judgment which had been rendered in the Circuit Court, in favor of the McLean County Bank against Flagg, the defendant in error; and coming to the hands of the sheriff of said county, was by him levied on lot six, in block eighteen, in the Durley Addition to Bloomington, and lots three, four, five, six, seven and eight, in block two, in K. H. Fell's Second Addition to Bloomington, as the property of Flagg.

Subsequently, on the 11th day of December, 1861, the sheriff proceeded, in pursuance of the levy, to make sale of the lots separately, and at the following prices, respectively: Lot six, in block eighteen, in the Durley Addition, for the sum of $700; lot six, in block two, in Fell's Addition, $300; lot seven, $300; lot eight, $50; lots three, four and five, $25 each; the entire sale amounting to $1,425. Asahel Gridley, who was the attorney of the bank, and the beneficial plaintiff in the execution, being the owner of the entire stock of the bank, became the purchaser. He paid no money upon the purchase, but directed the amount bid, to be credited on the judgment, which was done. From the evidence introduced in support of the motion, it appeared that, at the time of the sale, there were buildings upon a portion of the lots in question; that one of said buildings was built of brick, was three stories high, and one hundred and sixty feet long, extending over more than half the width of lot six, in the Durley Addition, entirely across lot six, and over at least one-half the width of lot seven, in Fell's Addition; those three lots lying adjacent to each other. That said building was then being used for the manufacture of reapers and mowers, was filled with machinery adapted to that purpose, the machinery being attached to the building; one end of the building was used for the making of castings, and the other for manufacturing those castings into reapers and mowers. That all of said machinery was connected together and moved by a steam engine, stationed at one end of the building. That the building was an open building without any division, and, together with the machinery, cost $26,000, and at the time of the sale, was worth sixty per cent. upon its cost.

Another of the buildings on the premises, was two stories high, and stood upon two of the lots; a portion upon lot six, in the Durley Addition, and extending over upon lot five, in Fell's Addition, the two lying adjacent. This building was used in connection with the manufactory; in the winter for storing machines, and in summer for manufacturing purposes.

The third building which was a shed used for storing machines, stood upon four of the lots, a small part upon lot

six in the Durley Addition, extending entirely across lots six and seven, and over more than half the width of lot eight, in Fell's Addition.

The two latter buildings were also open buildings, and not separated at the lines of the lots.

All of these buildings were of the value of $2,000, divided by the line of the lots, and were worth $30,000, each building taken entire.

Flagg entered his motion in the court below, to set aside the sale.

1. Because the premises sold, were indivisible, by reason of having one large machine shop extending over and upon them all; and the officer making the sale arbitrarily divided the same, and sold the shop and building in separate pieces; and

2. Asahel Gridley, the purchaser, was chargeable with notice of the irregularities.

The motion was sustained by the Circuit Court, and it was ordered that the sale be set aside, and wholly held for nought. Upon that order, the Bank and Gridley, the purchaser, sued out this writ of error.

The assignment of errors, alleges that the court below erred in sustaining the motion, and in entering the order setting aside the sale,

*First.* Because the sale was made according to law;

*Second.* The land having been purchased by a person not a party to the execution, and the judgment having been credited by the amount of the bids, the remedy of the defendant in error, if any he has, is in chancery, and not in a summary proceeding by motion, as in this case.

Mr. C. H. MOORE, for the plaintiffs in error.

*First.* The lots, on which the buildings were situated, were legally subdivided. Section 10, ch. "*Judgments and Executions*," (Rev. Stat. 1845, 302; Scates' Comp. 604) leaves it to the discretion of the officer, how he will divide the property, and the quantities in which he will sell.

*Second.* The defendant having time in which to redeem, cannot be injured by a sale of the lots separately. If sold for less than their value, it will require a smaller amount to redeem. And he may redeem all, or a part of the lots sold. *Robertson et al.* v. *Dennis,* 20 Ill. 313.

*Third.* The purchaser not being a party to the judgment or execution; and the amount of the bids having been credited on the judgment, the defendant's remedy is in chancery, where complete relief can be given.

Mr. B. C. Cook, for the defendant in error, insisted that the gross injustice done, in selling property worth $30,000, in such manner as to reduce the value to $2,000, would justify the court below in setting aside the sale.

Mr. Justice Walker delivered the opinion of the Court.

The execution under which the sale was made, was levied upon seven town lots, which were separately offered and sold to plaintiff in execution. The evidence discloses the fact, that on three of them, lying contiguous to each other, a large three-story machine shop had been erected, one hundred and sixty feet in length. In this building, at the time of the sale, there was in use a large quantity of machinery, employed in the various departments of the manufacture of reapers, which was driven by an engine, situated at one end of the building. Another building, two stories high, was situated on two other lots. This latter building was used as a shop, and for storing machines. A third building is on two other lots, but is not disconnected at the line between them. The purchase under the execution was made, by the plaintiff's attorney of record, on separate bids on each lot, amounting, in the aggregate, to the sum of $1,425, whilst the evidence strongly tends to show that the property was worth near thirty thousand dollars.

The purchaser was the president of the bank, who owned all of the stock, and who paid nothing on the purchase. Is such a sale warranted under an execution? May property

undivided, worth thirty thousand dollars, be sold in such portions as to render it worth but two thousand? The tenth section of act regulating sales on executions at law provides, that "when any property, real or personal, shall be taken in execution, if such property be susceptible of division, it shall be sold in such quantities as may be necessary to satisfy such execution and costs." Was this property susceptible of a division, in the mode adopted by the officer conducting this sale? It manifestly was not, without great prejudice to the owner. This statutory provision, was not designed to authorize the sheriff to divide entire parcels of real or personal property, in such a mode as to become oppressive, or injurious to the parties. It was to require him, to so divide the property as to satisfy the judgment and costs, and at the same time produce the largest price. And he is only authorized to do so, when the property is susceptible of division, without injury.

Many articles of personal property are not capable of division, without its total destruction for the use for which it was designed, yet the material separated, as such, would be amply sufficient to pay the debt and costs. In the adoption of such a mode, injury might result to an extent many fold greater than the debt. Such a course would produce one of the injuries designed to be prevented by this enactment.

It is the manifest duty of the officer, to so sell the property as to produce the largest price, and the least injury to the debtor. If that can be done by a division, such a course should be adopted; but if the sale of the entire property would produce that result, it should not be divided. When the articles of property, or the tracts of land, are several, then the sale should be several. But when different tracts of land have become one, by extending a building over portions of all, they, by the use to which they have been appropriated, lose their former several character. The buildings in this case, extending over several lots, for the purpose of enjoyment by the owner, became entire, and virtually obliterated the lines separating them. The three lots occupied by the large machine shop were not capable of division without great

injury and loss to the owner.  They could only have been offered on one tract and at one bidding.  And so of the other lots upon which buildings were situated.  The sale of the property in the mode adopted, was an abuse of the process of the court, and required the sale to be set aside.

The power over its own process, is possessed by all courts.  Such power is a species of equitable jurisdiction, that is inherent in courts of law, as well as those of equity.  This court has repeatedly held, as between the purchaser and the original parties to the suit, that a court of law will not hesitate to exercise the power of setting aside a sale on account of fraud, or irregularity.  In this case the purchase was made by the attorney of record, and who was the beneficial plaintiff in the case.  And he must be held liable for all irregularities in the sale.

The judgment of the court below is affirmed.

*Judgment affirmed.*