## Flora Tompkins *et al.*

### *v.*

## The Fifth National Bank of Chicago *et al.*

1. Satisfaction of a judgment—*what amounts to.*   Payment of a judgment by one of two joint defendants operates as an extinguishment of the same.

2. A & B, being partners, became indebted to the Fifth National Bank of Chicago, and executed their note in favor of the bank for that sum of money, but afterward becoming insolvent, the bank, at the instance of B, sued out an attachment against the firm, levying the same on a lot, the individual property of A, and obtained judgment. B deposited with the bank his individual securities and cash as collaterals to secure the judgment. Afterward, the bank applied a portion of the collaterals, deposited by B, on account of the note of A & B, balancing the note account, and B withdrew the remainder of his deposits. Subsequently, the bank assigned the judgment to C, who claims to have paid the sum of $722 for the same, A, in the meantime, having conveyed the lot by warranty deed to D : *Held,* upon a bill in chancery being filed by D to remove the cloud upon her title interposed by said judgment, that the appropriation by the bank of the collaterals deposited by B on account of the note, operated as a satisfaction and extinguishment of the judgment.

Writ of Error to the Superior Court of Chicago.

This was a bill in chancery against the Fifth National Bank of Chicago and Hugh Lewis, to remove a cloud upon the title of Flora Tompkins to a certain lot in the city of Chicago. The record shows that September 4, 1866, she purchased the lot of one Henry Deverill, who conveyed to her by warranty deed, she assuming the payment of two certain mortgages to which the lot was then subject. Prior to the purchase, however, on March 16, 1866, the Fifth National Bank of Chicago attached the property, for the joint debt of the said Henry Deverill and one Alexander Bell, former partners, and obtained judgment. To remove the cloud upon her title interposed by this judgment, she brought this suit, and alleges that said

judgment has been paid by Bell and fully satisfied. The foundation of the judgment was a note for $2000, dated December 11, 1865, due in thirty days. On the thirteenth of January, 1866, before the attachment, there was a payment made on the note of $384.90 by the transfer of Bell & Deverill's deposit balance to the account of the note. It appears the firm of Bell & Deverill became insolvent, and that Deverill had absconded; that the bank, at the request of Bell, who claimed Deverill owed him from $3000 to $4000, and in pursuance to an agreement with him that, upon his depositing collaterals to secure them, they would endeavor to make the debt out of Deverill, brought the attachment suit and levied on this lot of Deverill, Bell consenting to the entry of the judgment against himself jointly with Deverill. Afterward, Deverill returned, conveyed the lot to complainant, and confessed judgment under the attachment for the balance due the bank. Bell deposited with the bank a mortgage owned by him for $1000, and on the twentieth of April, 1866, opened a cash account with the bank by depositing the sum of $3813.05, from time to time, checking on the same, and frequently making other deposits. The books of the bank, besides the first credit made before the attachment, show two other credits on the note, one January 23, 1867, of $1067.91, being the amount of the mortgage, with interest, deposited by Bell, which the bank collected and applied on the note, and one February 20, 1867, of $547.19, this last payment making a total of $2000, and balancing the note account.

On the same day of this last credit, Bell checked on the bank for the sum $566.26, the balance due on his cash account, and had, so far as shown by the books, no further dealings with the bank. On the 29th of July, 1867, the bank assigned the judgment to Hugh Lewis, who claims to have paid $722 for the same. Bell testified that the bank made the credits on the note account without his direction or consent, and as defendants claim without authority, the money

being only deposited as collateral, the court below decreed the judgment a lien on the lot for the sum of $710, and required its payment to defendant Lewis, before the complainants could have the attachment discharged. To reverse this decree, complainants sued out a writ of error.

Messrs. BLANCHARD & MILLARD, for the plaintiffs in error.

Messrs. DENT & BLACK, for the defendants in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery to remove a cloud upon the title of complainants to a certain lot in the city of Chicago, interposed, as alleged, by a judgment in an attachment suit brought by the Fifth National Bank of Chicago against the firm of Bell & Deverill, and which complainants alleged had been fully paid and satisfied. This is the pivot on which the case turns. The evidence must settle it. The most careful examination we have been able to give the testimony satisfies us, that the attachment and levy and the judgment were obtained in the interest of Bell, and have been since attempted to be kept alive exclusively for his benefit, so that he might make something out of property his insolvent partner, Deverill, once owned. The bank president and Bell went to the attorney's office to have the attachment papers prepared, and he consented to the entry of the judgment against himself jointly with Deverill. The cashier of the bank testifies, and the books of the bank show it, that this judgment was afterwards fully paid in cash by Bell. The claim of Lewis as a purchaser of it is mere pretense. He says, in his answer, he paid sixteen hundred and ninety-five dollars for it. He testified he paid seven hundred and twenty-two dollars for it, while the assignment by the bank states the consideration at six hundred and ninety-five dollars. The testimony of Lewis shows

at most but a loan of money to Bell, which, if he could collect the amount out of Deverill's property, should be credited to Bell. It was a rare scheme devised by these gentlemen to keep the judgment alive, but, as it had been paid months before, it can not avail. The judgment was then discharged and satisfied, and nothing could vitalize it.

It is not important to consider the effect of the sheriff's deed to Church. It is sufficient for complainants to have this judgment removed. They show they are in a position to demand this, and it is but common justice it should be accorded to them. The judgment is paid, and being so, complainants should not be annoyed by it. The decree of the court below, therefore, requiring one of the complainants, Flora Tompkins, to pay to Lewis seven hundred and ten dollars, as the condition of releasing the lot from the attachment levy and judgment thereon, was erroneous, and for that error the decree must be reversed.

*Decree reversed.*

Upon a petition for a rehearing being presented on behalf of the defendants, at the September term, 1870, the court delivered the following additional opinion :

Per CURIAM: We adhere to the principles laid down in the opinion filed in this cause. We refer to *Russell* v. *Hugunin*, 1 Scam. 562, and *Gillett* v. *Sweat*, 1 Gilm. 475, as fully sustaining the views therein expressed. Upon further consideration, we are of opinion that there may be a small amount due on the judgment of the bank against Bell & Deverill. The court below will credit the said judgment with the sum of one thousand and sixty-seven dollars and ninety-one cents, of date January 23, 1867, and also the further sum of five hundred and forty-seven dollars and nineteen cents, February 20, 1867, and ascertain the balance due, and upon payment of the amount so found, by the complainant, Flora Tompkins, to the clerk of said court, for the use of Hugh Lewis, the court will decree relief as in its former decree.

