WARREN HAYS

*v.*

ROBERT T. CASSELL.

1. PURCHASER *at judicial sale—whether attorney or client.* Where the attorney of the plaintiff in execution purchases the land sold, in his own name, taking a certificate of purchase to himself, and pays the costs only, but no part of the execution, and as attorney gives the sheriff a receipt for the amount of the judgment, the purchase will be that of the plaintiff in execution, and the attorney can not assign the certificate without his authority.

2. CERTIFICATE OF PURCHASE *passes no title.* A certificate of purchase at sheriff's sale of land passes no title to the purchaser, and will not dis-

turb the possession of the defendant in execution until after the time of redemption has expired, and his title is transferred by the sheriff's deed.

3. REVERSAL—*effect of on party's rights.* The effect of a judgment of reversal is, to restore the defendant to all he has lost by the erroneous judgment, if the title to the property has not passed by the execution of the judgment to a third party; and if this is the case, the defendant will have an action against the plaintiff for full damages.

4. SAME—*who affected by reversal.* If the attorney of a plaintiff in execution purchases land sold under the execution, on his own account, he can not be regarded as a *bona fide* purchaser, so as not to be affected by a subsequent reversal of the judgment.

5. SETTING ASIDE SALE *after reversal.* Where the judgment under which a sale of land is made is reversed, the sale may be set aside, on motion, after the expiration of twelve months, when no deed has been taken out and the judgment debtor is still in possession.

6. NOTICE *of motion to set aside judicial sale.* When a motion is made to set aside a sale of land on execution, before a sheriff's deed is made, it is sufficient to give notice thereof to the plaintiff in the execution, who is the purchaser. The defendant is not required to serve such notice on an assignee of the certificate of purchase.

WRIT OF ERROR to the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

This was a motion to set aside a sheriff's sale of land on execution, by Robert T. Cassell, the defendant in execution. The notice of the motion was served on John Clark, the attorney of the plaintiff in execution. The opinion of the court states the other necessary facts, and the grounds of the motion.

Mr. JOHN CLARK, for the plaintiff in error.

Messrs. INGERSOLL, PUTERBAUGH BROS. & McCUNE, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a motion in the circuit court of Woodford county, by the defendant in execution, to set aside a sale of land there-

under, for the reason that, since the sale, the judgment on which it issued had been reversed by this court. Due notice was given to the purchaser at the sale, who appeared and resisted the motion.

The judgment under which the proceedings were had was rendered by the circuit court of Woodford county, at the April term, 1867. The execution issued thereon bore date October 22, 1868, and the sale made of the premises in question on the 27th February, 1869.

On the same day a certificate of sale was delivered to the purchaser and filed. In August, 1869, the purchaser assigned the certificate to one Sowards. Notice of the motion to set aside the sale was dated March 10, 1870, and the motion duly submitted to the court at the April term, next following.

The judgment on which the execution was issued was reversed by this court at the September term, 1869, and opinion filed in vacation, January 11, 1870, and the final order then entered, remanding the cause.

On these facts, the plaintiff in error, who was plaintiff in execution, makes the point, that the circuit court had no power to set aside the sale, on motion of the defendant in the execution, after the expiration of twelve months from the day of sale.

The plaintiff was not the purchaser at the sale, but his attorney, and he testifies he made the purchase on his own account, and not for plaintiff's benefit. He paid no part of the execution at the time he bid off the property, but the costs only, and, as attorney, gave to the sheriff a receipt for the amount of the judgment. Under these circumstances, we are inclined to hold, the purchase was the purchase of the plaintiff in the execution. The certificate of purchase was also his, and could not be transferred to another without authority.

But, admitting the purchase was the purchase of the attorney on his own account, he knew the record had been taken to the Supreme Court, and he purchased at his peril, and can

hardly be regarded as a *bona fide* purchaser. He knew his client had taken a judgment for an amount larger than the proof warranted, and knew, therefore, the judgment would be reversed in this court, where the case was then pending.

The certificate of purchase conveyed no title to the purchaser, nor did it disturb the possession of the defendant; that still continued in him, and would so remain until fifteen months had elapsed, and his title transferred by the sheriff's deed. *McLagan* v. *Brown et al.* 11 Ill. 519.

This being so, there can be no question of the power of the court to act on the motion, no deed having been made. The effect of a judgment of reversal is, to restore the defendant to all he may have lost by the erroneous judgment, if the title to the property has not passed, by the execution of the judgment, to a third party. In such case he would have an action against the plaintiff, to recover full damages.

No deed having been executed, and the defendant remaining in possession of the land sold, he was in a position to ask the court to set aside the sale, on making proof that the judgment had been reversed, for there was then no judgment to support the sale. That his motion was not made within the time allowed for redemption, the facts show he could not know of the reversal until the judgment of this court was finally announced, and that was after one year had elapsed. Deeming, as we do, the real party in interest in this question to be the plaintiff in the execution, we do not consider it was necessary to notify the assignee of this motion. Indeed, we do not perceive, if Sowards or Stubbs was a *bona fide* assignee, how it was possible for the defendant in the execution to obtain a knowledge of that fact, as the law does not require the assignment to be recorded, and the assignor does not claim that he notified the defendant of the assignment.

In such respect as either of them may be injured by allowing this motion, the remedy is against their assignor; but in respect to them, or either of them, the plaintiff in error can have no interest or concern. If all the interest in this sale is

centered in Sowards or Stubbs, then the plaintiff in error would seem to be grasping at a shadow.

The judgment of the circuit court is affirmed, for the reasons given.

*Judgment affirmed.*