ROBERT E. JENKINS

*v.*

WILLIAM E. MERRIWEATHER.

*Filed at Ottawa May 19, 1884.*

109  647
33a 651
109  647
44a 472
109  647
184  523
109  647
113a ¹312
114a ¹124

1.  PROCESS—SALE ON EXECUTION—*power of the court over them, on motion.*  Courts of record exercise the power to control their process as long as the proceeding is *in fieri.*  Under this practice the court may, upon motion, on proper grounds, withdraw and quash executions and other writs, and set aside sales of real estate before they ripen into titles.

2.  SAME—*when sale set aside only in equity.*  After the deed for real estate sold under execution has been made, the court has no power, on motion, to set aside the deed or set aside the sale.  It must be impeached, if at all, in equity, unless there was no judgment or execution, or the court had no jurisdiction to render the judgment.  Section 65 of the Practice act has no application to motions to set aside judicial sales, but refers to writs of execution, replevin bonds, and the like.

3.  SAME—*case where court refused to set aside sale, etc.*  Where a judgment was assigned after a levy upon various parcels of real estate, and the assignee became the purchaser of the lands, portions of which he had sold and conveyed to other persons after receiving the sheriff's deed, it was *held,* that the execution under which the sale was made, a *venditioni exponas,* could not be set aside on mere motion.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. W. T. BURGESS, for the appellant:

If the judgment was a debt provable in bankruptcy, or if it was a lien on the real estate, it, under the United States Statute, no more than any other debt or lien, could be enforced against or to the prejudice of the assignee, after the lapse of two years from the date of his deed. (Rev. Stat. of the U. S. sec. 5057; Rev. Stat. 1874, chap. 77, secs. 1, 6.) And so no execution could thereafter issue thereon.

If the levy was not in fact made, or was not returned before the seven years had expired, the lien of the judgment was gone, and the court erred in not quashing the *venditioni exponas.* A proceeding to quash an execution is a proceeding recognized by our statute. Rev. Stat. chap. 37, sec. 32; chap. 110, sec. 64.

The courts have equitable power over their process, and may quash them for irregularities, or when it would be inequitable to permit their further use. *Sandburg* v. *Papineau,* 81 Ill. 448; *Lampset* v. *Whitney,* 2 Scam. 441; 2 Hill, (S. C.) 297; *Mavis* v. *Duren,* 1 Brewster, 428.

There was no levy made that binds any one, until the date of the return,—September 14, 1881. Up to the time the execution was returned, the indorsement thereon was under the sheriff's control. *Nelson* v. *Cook,* 19 Ill. 440.

As to what constitutes a levy in States having no statute on the subject, see *Isam* v. *Hooks,* 46 Ga. 309; *Hamblin* v. *Hamblin,* 34 Miss. 455; *McBirnie* v. *Overstreet,* 8 B. Mon. 300; *Green* v. *Burke,* 23 Wend. 488.

Messrs. DUPEE, JUDAH & WILLARD, for the appellee:

Matters of fact can not be assumed, and important interests can not be divested in this informal way, upon motion of a stranger to the record. *Bonnell* v. *Neely,* 43 Ill. 290; *Lansing* v. *Quackenbush,* 5 Cow. 38.

No cause is shown for not making the motion to quash, at an earlier moment, and before other persons purchased from

Ritchie for value.   *Noyes* v. *True,* 23 Ill. 504; *Prather* v. *Hill,* 26 id. 404; *Hay* v. *Baugh,* 77 id. 504; *Bowman* v. *Tallman,* 2 Robt. (N. Y.) 634.

The sheriff's sale having gone to a deed, and the purchaser having conveyed, it is the fixed rule that the appellant must have made his application to a court of equity, where all rights could have been examined and protected.   *Day* v. *Graham,* 1 Gilm. 442; *Meacham* v. *Sunderland,* 10 Bradw. 126.

Common equity suggested that notice should have been given to all parties in interest.   *Sears* v. *Low,* 2 Gilm. 284; *Turney* v. *Saunders,* 3 id. 242.

In proceedings to set aside a sale, the purchaser, and all claiming under him, and the defendant, are necessary parties. Herman on Executions, 517; *Roberts* v. *Clelland,* 82 Ill. 540.

The Bankrupt act expressly preserved the liens.   To take them away, or to abridge them, would be in derogation of the spirit of that act, as well as of common rights and justice. The assignee in bankruptcy took all real estate of the bankrupt subject to all existing liens upon it.

Mr. Justice Walker delivered the opinion of the Court:

On the 24th day of July, 1874, appellee, Merriweather, obtained a judgment in the Superior Court of Cook county, against Samuel J. Walker, for $19,645.33.   Afterwards, on the 11th day of the next September, an execution was issued upon the judgment, and placed in the hands of the sheriff, which was returned on the 16th day of February, 1875, indorsed "no property found."   An *alias* execution was issued on the 1st day of July, 1881, and it was returned on the 14th day of the following September, indorsed "in no part satisfied," but there was attached to it a paper, in which the sheriff, by his deputy, stated that he had, by virtue of the annexed execution, (describing it,) on the 23d of July, 1881, levied upon all the right, title and interest of the defendant,

Samuel J. Walker, in and to a large number of lots and tracts of land, (describing them,)—and to this return is the signature of the sheriff, by his deputy. On the day last named, a *venditioni exponas*, in the usual form, was issued, which was indorsed by the clerk that the judgment had been assigned to William C. Ritchie on the 23d of July, 1881. The sheriff afterwards returned the writ, indorsed that he had sold the lands to the amount of $21,000, and after deducting his fees it satisfied the judgment to the sum of $20,640, which he paid to Ritchie, and it was unsatisfied as to the balance. The time having expired for a redemption, and none having been made, the sheriff executed a deed to Ritchie, who filed an affidavit, on the trial of this motion, stating that he had sold portions of the land and conveyed the same to other persons. Walker was declared a bankrupt on the 26th of April, 1878, and conveyed his property to Robert E. Jenkins, his assignee, on July 31, 1878. To the former execution, of which no exceptions are taken, Jenkins, on the 29th of August, 1883, filed in the Superior Court a motion to quash the *venditioni exponas*, and the motion was continued until the next September term, at which time it was heard and denied. An appeal was taken to the Appellate Court for the First District, where the judgment of the Superior Court was affirmed, and the record is brought to this court, and a reversal is urged.

The first question presented, and the only one we deem necessary to consider, is, whether after a sale under execution, and the time for redemption has expired, and the sheriff has made a deed to the purchaser, the execution, levy, sale and deed can be set aside, on motion,—or, if there are grounds for setting them aside, must the parties in such case resort to a bill in equity for relief. Courts of record exercise the power to control their process as long as the proceeding is *in fieri*. This was the common law practice, which has always prevailed in the courts of this State. Under that

practice the court may, on proper grounds, withdraw and quash executions and other writs, and no doubt set aside sales of real estate before they have ripened into titles; but it has never been the practice, on motion, in this jurisdiction, to set aside deeds or divest title when the sale has ripened into a deed and the title has vested, and all antecedent writs and process have performed their functions and have become *functus officio.* After a deed for real estate, under a sale on execution, has been made, it must be impeached, if at all, in equity, unless there was no judgment or execution, or the court had no jurisdiction to render the judgment. Such a motion as this is not provided for in the 65th section of the Practice act. That refers to writs of execution, replevin bonds, and the like.

In the case of *Day* v. *Graham,* 1 Gilm. 435, it was said, after reviewing many authorities on the question of the practice of setting aside such sales, on motion: "We are of opinion that when the plaintiff in the execution is the purchaser, and before he conveys to another, the court would set aside the sale, on motion; but after he conveys to a third person, and when a third person becomes a purchaser, the court will not determine, in this summary way, questions which may affect the rights of others not before the court, and without opportunity of explaining away the circumstances which might destroy his title. Although the purchaser here was the attorney, and will be chargeable with notice of all irregularities, if any, yet he is a third person, and did not purchase as an attorney, but in his own right." That case clearly governs this. In that case the attorney purchased, and yet the court held that his purchase could not be set aside, and his deed from the sheriff could not be vacated, on motion. Here an assignee of the judgment, after the levy was made, was the purchaser, and not only so, but he had sold portions of the property to other persons after receiving his deed from the sheriff. So this case is stronger in favor

of the decision refusing to set aside this sale, than was that. This disposes of the case. Under more recent decisions we should not incline to go the length, even between the parties to the suit, of setting aside a sheriff's deed, on motion.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*