## Hiland H. Parker v. Daniel F. Crilly.

### Gen. No. 11,053.

1. SHERIFF'S SALE—*when court issuing execution has power to set aside, notwithstanding purchaser was not a party to the suit.* Where a judgment by confession has been obtained, an execution issued and a sale of real estate made pursuant thereto, the court entering such judgment may, upon proper showing, cancel the certificate of sale, quash the writ of execution, set aside the sale itself, and open up the judgment, notwithstanding the purchaser was not a party to the suit, where it appeared that such purchaser made the affidavit attached to the cognovit and deposed that he was the duly authorized agent of the plaintiff in such suit.

2. AGENT—*presumption as to the continuance of the authority of.* Where it appears that at the inception of a transaction, an agent is authorized with respect thereto, a *prima facie* presumption arises that such authority continued throughout the subsequent stages of the transaction.

Motion to set aside sheriff's sale, etc. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Reversed and remanded. Opinion filed March 18, 1904.

LOESCH BROS. & HOWELL, for appellant.

ELDON J. CASSODAY and RUSH C. BUTLER, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from an order denying appellant's motion by which it was sought to set aside a sheriff's sale of real estate, quash the writ of execution and cancel the certificate of sale. It is claimed that the execution was fraudulently issued and levied under a judgment which had been fully paid and satisfied. In support of the motion appellant filed an affidavit, by which it appears that appellee obtained a judgment against appellant by confession upon a lease, for the sum of $2,662.65 and costs, which judgment he sold, and upon March 31, 1900, assigned and transferred to one L. F. Parker, a brother of appellant, in consideration of $500. The assignment conveyed the judgment and

any and all sums of money due thereunder, and constituted the assignee the true and lawful attorney of appellee irrevocably, with power to collect the amount due in all lawful ways, and upon payment, to satisfy and discharge the judgment. Appellee covenanted in said assignment not to collect or receive any money due on the judgment and not to release or discharge it or any part thereof. The assignee subsequently released and discharged the judgment which according to the affidavit has been fully paid and satisfied. Subsequently, in August, 1901, appellee or his agent took out an alias execution, levied it on certain real estate owned by appellant, and upon September 3, 1901, the sheriff sold the premises. One George S. Crilly, a son of appellee, became the purchaser, to whom the sheriff issued a certificate of sale.

The facts as set out in the affidavit are not controverted. The record indicates that the court denied the motion to set aside the sale, upon the ground that it had no power to grant the relief sought where it appeared that the purchaser at the sale was a third person not a party to the suit wherein the judgment was obtained.

The record discloses that when the judgment by confession was entered under the power of attorney contained in the lease, George S. Crilly, the purchaser at the sheriff's sale of the premises in question, who is now the holder of the certificate of sale which it is sought to reach by the motion to set aside, and who is claimed by appellee to be a third party not interested in the suit, made an affidavit which is attached to the cognovit. In that affidavit he " deposes and says that he is the duly authorized agent of the plaintiff in the within-mentioned suit." The lease upon which the judgment is entered is signed " D. F. Crilly by Geo. S. Crilly." It appears, therefore, that the purchaser at the sheriff's sale was the duly authorized agent of appellee when the lease was executed, and was representing and acting for appellee as agent in the prosecution of the very suit in which the judgment was obtained under which he purchased. If as he swears he was " the duly authorized agent

of the plaintiff in the within mentioned suit and is familiar with the subject-matter of the same" when the judgment was entered, the presumption is reasonable that he continued to be such duly authorized agent throughout the subsequent proceedings in the same suit. If he should now seek to set up a right to retain title by reason of his purchase at the sheriff's sale, as against his principal, the appellee herein, he would doubtless be called upon to rebut the presumption established by his affidavit, and to show that he was not still acting as appellee's agent in the purchase made to collect the judgment, as he had been in the prior proceedings in the same cause. Notice of the motion to set aside was served on him in person as well as upon appellee. We are of opinion that under the facts as shown, until the contrary appears, it should be presumed that George S. Crilly acquired and holds the said certificate of sale as the agent of appellee and not as a third person.

The affidavit states facts tending to show that the alias execution under which the sale was made was fraudulently sued out by or in behalf of appellee, and as agent of the latter in charge of the prosecution of the suit, George S. Crilly can scarcely be presumed to have been ignorant of the fraud. But whether so or not, the presumption is that he was appellee's agent in making the purchase.

It is conceded that a court of law has power over its own process. In this case the time of redemption from the sale had not expired when the motion was made to set aside. No deed had issued to the purchaser. In Day v. Graham, 1 Gilman, 435, 442, it is said: "Courts have ever vigilantly supervised the manner of the execution of their process and given relief against the oppressive and injurious acts of officers; sometimes summary relief by motion, sometimes by bill. The purchaser in this instance was the attorney of record in the case, and must therefore be deemed to have had notice of every irregularity, and will be allowed no other protection than the plaintiff in the execution." It was held in that case that as the attorney had made the purchase in his own right and not as an attorney,

and a deed had issued, relief must be sought in equity instead of by summary motion. In Hayes v. Cassell, 70. Ill. 669, 672, it was sought to set aside a sale by motion. Due notice was given to the purchaser, and although the plaintiff's attorney testified that he made the purchase in his own right and not for his client's benefit, yet the court held that, knowing the facts, he made the purchase at his peril, and could "hardly be regarded as a *bona fide* purchaser." It was held that the certificate of purchase conveyed no title, no deed having issued, and that there could be no question of the power of the court to act on the motion. We are of opinion that like power exists in the case at bar. See also Sandberg v. Papeneau, 81 Ill. 446, 449; Jenkins v. Merriwether, 109 Ill. 647, 650.

It seems to be thought that appellee acquired some right under the *alias* execution because the judgment had not been satisfied of record. If, however, the judgment was actually satisfied or was void from any cause, "it would confer no authority whatever upon the officer executing it, and a sale made under it and all official conveyances or other evidences of title founded thereon would be absolutely null and void." Meyer v. Mintonye, 106 Ill. 414, 420. As the judgment was paid, it "was then discharged and satisfied and nothing could vitalize it." Tompkins v. Fifth Nat. Bank, 53 Ill. 57, 60.

Under the facts as they appear in the record before us, the motion under consideration was erroneously denied. The order is therefore reversed and the cause remanded.

*Reversed and remanded.*