114    121<br>r213s 397

## International Packing Company v. John Cichowicz, et al.

### Gen. No. 11,285.

1. EXECUTION SALE—*power of court of law to set aside.* A court of law may exercise equitable jurisdiction over its process, and before a deed has issued, set aside an execution sale and the certificate of sale made by the officer of the court, upon motion made before the time of redemption expires and upon notice to the purchaser and parties to the action.

2. PURCHASER AT EXECUTION SALE—*what, charged with notice of.* A purchaser at an execution sale is chargeable with notice of the facts disclosed by the record of the proceedings in the case which resulted in

the judgment and under which he derived his interest, if any; and by virtue of this rule such a purchaser is deemed to have had constructive notice of the fact that no execution had been issued upon such judgment within one year of the rendition of the same.

3. EXECUTION—*propriety of issuance of, where judgment is to* "*stand as security.*" Where the court in granting leave to plead, orders that the judgment "stand as security," an execution may, notwithstanding, issue upon such judgment unless it is clear from the terms of the order that the issuance of execution upon such judgment is restrained; and in determining whether an execution upon such judgment has been issued within a year after it is rendered, so as to hold a lien upon the real estate of the defendant therein, the time should be figured from the date of the entry of the original judgment and not from the time when it was ordered to stand as security.

Motion to set aside execution, levy and sale. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1903. Reversed and remanded. Opinion filed May 12, 1904.

F. J. CANTY and A. B. MELVILLE, for appellant.

DAVID K. TONE, for appellees.

MR. JUSTICE WINDES delivered the opinion of the court.

In an action on the case appellee Cichowicz recovered judgment by default in the Superior Court of Cook county, Illinois, against appellant, for $5,000, July 10, 1900, and on the 14th of that month said court gave appellant leave to plead instanter, the judgment "to stand as security," on condition of appellant paying $100 to Cichowicz's attorney and to Cichowicz $250, said "sums paid to be deducted from any recovery, if one is had." These latter two sums were paid by appellant and it pleaded. On a jury trial Cichowicz recovered a verdict for $3,000, on which the court rendered judgment as of February 1, 1902, which, omitting the formal parts, is, viz:

"Therefore it is considered by the court that the judgment entered herein of record on the tenth day of July, A. D. 1900, for the sum of five thousand dollars, stand in as full force and effect as at the time of the rendition thereof; and the plaintiff herein remitting the sum of three hundred and fifty dollars from the damages of three thousand dollars assessed by the jury aforesaid, it is further ordered

that upon the payment of the sum of twenty-six hundred and fifty dollars, with interest thereon and costs of suit, the judgment entered on the tenth day of July, A. D. 1900, for five thousand dollars, be satisfied in full of record and that execution thereon be endorsed accordingly."

On a writ of error to this court this judgment was reversed without remanding the cause, but before the writ of error was sued out Cichowicz caused an execution to be issued March 20, 1902, which was placed in the sheriff's hands May 16, 1902, and after demand on appellant to pay the same or turn out property, was, on June 17, 1902, levied by the sheriff on lots 1 and 2 in Putnam and Bishop's subdivision (fully described in the record and all subsequent proceedings under the execution). The sheriff proceeded regularly in due form of law and according to the statute in such case made and provided, and sold said real estate at public sale to the appellee Wenham for $2,990, the same being in full of said judgment execution and costs, and issued to him the usual sheriff's certificate of sale on July 15, 1902. The amount of said bid, less costs, was paid over to the appellee Tone, the attorney of said Cichowicz, and the execution was returned by the sheriff satisfied in full.

After the rendition of the original judgment July 10, 1900, and prior to said July 15, 1902, no execution was issued thereon, nor were any proceedings had thereunder, nor was any appeal or writ of error prosecuted therefrom, nor was any injunction issued or order of court made with reference thereto, except as above stated.

Prior to July 10, 1900, appellant was the owner in fee of said real estate, and had on June 26, 1900, agreed to sell and convey it to one Isidora Schmitt, and afterwards on July 23, 1900, did by warranty deed duly delivered and recorded in the recorder's office of Cook county that day, convey the same to her for the expressed consideration of $75,000, though the real consideration was $120,000 in bonds which were worth at least $60,000. The sale and conveyance of said lots by appellant to Schmitt was a *bona fide* transaction, and neither she nor any one representing her had any actual notice of said judgment or any proceedings there-

under.    Before the time for redemption from said sheriff's sale, and on May 4, 1903, appellant, on due notice to all said appellees, moved said Superior Court to set aside said execution, the levy and sale thereunder, and the sheriff's certificate of sale, and in support of such motion offered evidence showing, among other things of minor importance not necessary to be here stated, the above facts.    The motion was denied and this appeal taken, but in the same order the court restrained the sheriff, pending the appeal, from issuing any deed on the certificate or paying out any redemption money thereon which might come to his hands, and said Wenham from taking out any sheriff's deed based on said sale.

The first question presented is the contention by appellees, also made in the Superior Court, that the latter court had no jurisdiction under appellant's motion to dispose of the rights of Wenham, who is claimed to be an innocent *bona fide* purchaser at a judicial sale, and that appellant's remedy, if any, was by bill in equity.    The cases cited in support of the contention are different from the case at bar, in that they involve a trial of the title which the purchaser had acquired by a deed issued to him based on a judicial sale.

A court of law may exercise equitable jurisdiction over its process, and before a deed has issued set aside an execution sale and the certificate of sale made by the officer of the court, upon motion made before the time for redemption expires and upon notice to the purchaser and parties to the action.    Mason v. Thomas, 24 Ill. 286; Roberts v. Clelland, 82 Ill. 538-41; Swiggart v. Harber, 4 Scam. 364-74; Rigg v. Cook, 4 Gil. 336-48; Oakes v. Williams, 107 Ill. 154; Hay v. Baugh, 77 Ill. 500-3; Jenkins v. Merriweather, 109 Ill. 647-50; Shirk v. Gravel Road Co., 110 Ill. 661-5.

As early as the case of Swiggart v. Harber, *supra*, the Supreme Court held that the court issuing an execution had power to control it and the proceedings under it so long as they were *in fieri*, and that if a wrong was done under process of the court, under such circumstances the court issuing the process " alone possessed the power to correct the evil."

In the Jenkins case, *supra*, the court in considering a question of irregularity in proceedings under an execution by a sheriff, after a deed had been issued, and whether it was necessary to resort to equity in that case, in substance states the effect of the previous decisions of the Supreme Court as to the powers of a court of law and of equity in such cases, before as well as after the sheriff's deed had issued, as follows: " Courts of record exercise the power to control their process as long as the proceeding is *in fieri*. This was the common law practice, which has always prevailed in the courts of this state. Under that practice the court may, on proper grounds, withdraw and quash executions and other writs, and no doubt set aside sales of real estate before they have ripened into titles; but it has never been the practice, on motion, in this jurisdiction, to set aside deeds or divest title when the sale has ripened into a deed and the title has vested, and all antecedent writs and process have performed their functions and have become *functus officio*."

We are of opinion that the Superior Court, on the law side only, had jurisdiction to correct the wrong, if any, done to appellant under the motion made by it.

The claim that Wenham is a *bona fide* purchaser is not tenable. He cannot be such in law, although he purchased in entire good faith without any actual knowledge of the purchase by Schmitt or the fact that no execution issued on the original judgment within one year from its rendition, and paid his money in the belief that he would get a perfectly good title to the property in case it was not redeemed. He is chargeable with notice of the facts disclosed by the record of the proceedings in the case which resulted in the judgment and under which he derived his interest, if any. In other words, he had constructive notice of the fact that no execution had been issued within one year of the rendition of the judgment against appellant, and of the order of court when appellant was given leave to plead, and is not an innocent purchaser. He is in the same position as Cichowicz would have been had he been

the purchaser. Bowman v. People, 82 Ill. 246; Roberts v. Clelland, 82 Ill. 538–41; Powell v. Rogers, 105 Ill. 318; Webber v. Clark, 136 Ill. 256–70; Huber v. Hess, 191 Ill. 305–18; Bruschke v. Wright, 166 Ill. 183–91; Lightcap v. Bradley, 186 Ill. 510–29.

In the Bowman case, *supra*, the court considered the question as to whether the interest acquired by a purchaser of land at a sheriff's sale was subject to levy and sale under the statute which makes " all legal and equitable rights and interests " in real estate subject to levy and sale. The court said : " We are of opinion it is neither a legal nor equitable estate in the land itself before the lapse of the period allowed the judgment debtor for redemption. Previous to that time he has no absolute right in the premises. At most it is a mere inceptive interest in the soil, but, being contingent, it may never become an absolute title to the estate." To the same effect in principle are the later cases of Bruschke and Lightcap, in the latter of which cases the rights of a purchaser at judicial sale were very thoroughly considered. In the Roberts case, the court, in considering the rights of an assignee to a certificate of purchase, said : " An innocent purchaser is one that has the legal title to property and has paid therefor a valuable consideration, without notice of defects or vices in the title," and held that such an assignee was not an innocent purchaser.

In the Webber case the court considered the rights of a purchaser at an assignee's sale in bankruptcy, and said : " A party purchasing at a judicial sale is chargeable with notice of such material facts as the record of the proceedings under which he derived title discloses, and he will be presumed to have examined the same before becoming a purchaser," and held that the purchaser at an assignee's sale was chargeable with notice of facts which were disclosed by the bankruptcy proceeding. This ruling is reaffirmed in the Huber case, *supra*.

We conclude from these authorities that Wenham must be held to have known that no execution had issued within

one year from the rendition of the original judgment, and that the order of the court in regard thereto was that this judgment " stand as security."

The statute of this state (Hurd, ch. 77, sec. 1) in regard to judgments, made the judgment in question a lien against said real estate for a period of seven years from July 10, 1900, provided an execution was issued thereon within one year from that date, and was delivered to the officer to be executed.   If no execution was issued within that year, then the lien ceased, unless it was kept alive by the order of the court giving appellant leave to plead and directing that the judgment "stand as security," entered July 14, 1900, which, it is claimed, had the effect of restraining the plaintiff Cichowicz from issuing an execution from the date it was entered up to February 1, 1902.   Section 2 of said statute on Judgments is as follows:

" When the party in whose favor a judgment is rendered is restrained, by injunction out of chancery, or by appeal, or by the order of a judge or court, or is delayed, on account of the death of the defendant, either from issuing execution or selling thereon, the time he is so restrained or delayed shall not be considered as any part of the time mentioned in sections 1 or 6 of this act."

Under a former statute which made a judgment a lien upon real estate for seven years after the last day of the term of court at which it was rendered, provided an execution should be issued thereon within one year after the judgment was rendered, it was held, in the case of Fitts v. Davis, 42 Ill. 391–4, that unless an execution was sued out within a year, the lien was gone and a purchaser at a sale made under an execution subsequently issued got no title as against purchasers of the real estate sold prior to the issuance of the execution and after the lapse of one year from the rendition of the judgment.   To the same effect are Harris v. Cornell, 80 Ill. 55–66; Hernandez v. Drake, 81 Ill. 34–9; St. J. Mfg. Co. v. Daggett, 84 Ill. 557–60.

The provision under the present statute with regard to the issuance of executions in order to preserve the lien of the judgment, is substantially the same, and has been sim-

ilarly construed by the Supreme Court. Dobbins v. First Nat'l Bank, 112 Ill. 553-65; Pease v. Ritchie, 132 Ill. 645; Kirby v. Runals, 140 Ill. 289-97.

The crucial question, as it seems to us, is whether the order of court that the judgment "stand as security" had the effect of preventing the issuance of an execution, at any time after it was entered, until the order of February 1, 1902, hereinabove quoted was made. We are of opinion, after careful consideration of the statute and the authorities cited by the respective counsel, that the order of July 14, 1900, did not prevent the issuance of an execution. It is conceded by counsel for appellant that so far as he can find the question has not been directly decided by any court of review in this state. It has been held by the Supreme Court (Parr v. Van Horne, 40 Ill. 122) that after a judgment had been rendered, a motion for a new trial, by the judgment debtor, did not have the effect of staying an execution or proceedings upon the judgment. So, also, it was held (Robinson v. Chesseldine, 4 Scam. 332) that in the case of a motion to set aside an execution and levy thereunder, if a stay was desired, an order to that effect should be obtained. See, also, Branigan v. Rose, 3 Gil. 123-30, in which it was held that the plaintiff had a right to issue execution after appeal prayed and before it had been perfected. Cases cited by appellant's counsel from other jurisdictions give us no aid in determining the question. They decide no more than that on an application to set aside a judgment or vacate proceedings under it, if a stay is desired it must be asked and the court order it.

For appellees it is claimed that the cases of Dulle v. Lally, 64 Ill. App. 292, affirmed 167 Ill. 485-8, and Rock Island Nat. Bank v. Thompson, 173 Ill. 593, establish their claim that the order of July 14, 1900, operated as a stay. An examination of these cases shows that no question as to a judgment being stayed or suspended arose in either of them. In the Dulle case the order was somewhat similar to the order here, and all that was decided by the Appellate Court is that the defendant waived all errors intervening

prior to the time he obtained leave to plead by pleading to the merits; that it was not error for the court to refuse leave to the defendant to file a plea to the Statute of Limitations after he had closed his case upon a hearing on the merits; and that instead of setting aside a judgment in such a case, it was the better practice merely to give leave to plead and let the judgment stand, so that the plaintiff's lien might be preserved, and he would by that means be entitled to interest during the time between the rendition of the original judgment and the final judgment of the court, after a trial on the merits. It is true, the court construed the order as having the effect of permitting the judgment to stand as security and " in every respect be effectual against him, except as to enforcing it." We think it was unnecessary for the decision of the questions before it for the court to use this language in the opinion, and we think that in so far as it may be said that it sustains the appellees' contention, the decision should be modified. Such a holding should not, in any event, have the effect of overruling the plain mandate of the statute. The Appellate Court was affirmed by the Supreme Court, but the only effect given to the order in question by the Supreme Court was that it left in force the original judgment to the amount of the jury's verdict rendered on the hearing on the merits, with interest from the date of the original judgment. The Thompson case simply construes said section 2 of the statute, and holds that a writ of error and supersedeas has the effect under the statute of staying a judgment the same as an appeal, that the time during which a supersedeas operates is not to be considered as any part of the year mentioned in the statute within which execution must issue in order to preserve the lien. We think neither of these cases sustains appellees' contention. We are of opinion that the original judgment of July 10, 1900, remained in full force, and its enforcement was not stayed by the order of July 14, 1900; also that plaintiff's lien ceased by a failure to issue an execution and deliver it to the officer to execute within one year from the rendition of that judgment. The

order of court to have the effect of overruling the plain provision of the statute, which requires an execution to issue within one year in order to preserve the lien of a judgment, should be plain and specific that the judgment be stayed. This order is not clear in that regard. In fact we think the issuance of an execution, placing it in the officer's hands, could not be held to violate any of its terms. Such action, had it been taken on behalf of Cichowicz, would have preserved the lien of the judgment until the order of February 1, 1902, was made.

Other questions, discussed by counsel for both parties, need not be considered, for the reason that the views expressed are sufficient for a decision of this appeal. Being of opinion that the order of July 14, 1900, did not have the effect of staying the issuance of execution upon the original judgment, it follows that the failure to issue execution thereon until March 20, 1902, had the effect to deprive the plaintiff Cichowicz of any lien under the judgment after the lapse of one year from July 10, 1900. This lien was not revived by the issuance of the execution March 20, 1902, and its levy thereafter upon the property, because said Schmitt, before the execution was issued, became the purchaser thereof in good faith and for a valuable consideration by her paid to appellant, and received appellant's warranty deed conveying the same to her, which was recorded July 23, 1900. The appellee Wenham took nothing by his purchase at the sheriff's sale, and the motion of appellant should have been allowed.

The order of the Superior Court denying appellant's said motion is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*