(No. 26368.—

EDWARD D. BROWN, Appellee, *vs.* WALTER A. NELSON *et al.* Appellants.

*Opinion filed March 16, 1942—Rehearing denied May 12, 1942.*

F. B. BRIAN, and J. E. RICHARDS, for appellants.

FRANCES E. SPOONER, and STURTZ & EWAN, for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Walter A. Nelson and Minnie E. Nelson, his wife, appellants, executed a note for $23,000 payable to the order of the John Hancock Mutual Life Insurance Company, and secured its payment by a mortgage upon two parcels, the first consisting of 160 acres improved by a dwelling and farm buildings, occupied by mortgagors as their homestead. The second was an 80-acre tract directly across the road upon which there were no buildings.. On September 11, 1930, Edward D. Brown, appellee, recovered a judgment in the circuit court of Henry county against Nelson and his wife for $6738.65. An execution issued and was there-

after returned unsatisfied. On March 1, 1932, Walter A. Nelson and Minnie E. Nelson executed a certificate of entry to the insurance company, which recited the execution of the note and mortgage and that mortgagors had defaulted in making the payments of principal, interest and taxes and had surrendered peaceful possession of the mortgaged premises to the insurance company, and had assigned and transferred all right, title and interest in the growing crops upon said premises to the company. On the same day and as a part of the same transaction the insurance company entered into a written lease with Walter A. Nelson by the provisions of which it leased to him on a crop and cash rental basis, the farm from March 1, 1932, to February 28, 1933. During the next six years, similar leases were entered into and Nelson and his family continued to reside upon the farm and operate it. On October 26, 1935, an alias execution issued upon the judgment of September 11, 1930, but was returned unsatisfied by the sheriff. A third execution was issued on July 10, 1936, and served by the sheriff on July 16, 1936. On January 15, 1938, the sheriff sold the property for $8000 without setting off the homestead, and issued a certificate of purchase to Brown, the highest bidder. On November 7, 1938, upon motion, the original cause in which judgment was rendered against the Nelsons in favor of Brown was redocketed, and the Nelsons filed their motion to set aside the sale of January 15, 1938, and to hold for naught the said certificate of purchase issued to Brown. Upon a hearing this motion was denied, and an appeal was taken to the Appellate Court for the Second District where the judgment was affirmed. (*Brown* v. *Nelson,* 309 Ill. App. 557.) We granted leave to appeal and the cause is here for further review.

The Appellate Court rightfully found that appellants had a homestead in the premises and that when the farm was sold by the sheriff under the execution in January, 1938, it was not sold subject to any homestead rights, and

that prior to the sale no homestead estate was set off to appellants. But the Appellate Court overruled the contention that the sale was void and stated that the provisions of the statute as to the manner in which an execution sale is to be made are directory and not mandatory, and that the remedy of the appellant was by a complaint in equity. We cannot agree with this latter holding for the decisions in this State are that while a proceeding is pending, that is, before a sheriff's deed has issued, redress for such an error as this should be had from the court which ordered the execution to issue. In *McLean County Bank* v. *Flagg,* 31 Ill. 290, this court said that as between the purchaser and the original parties to a suit, a court of law would not hesitate to exercise its power to set aside a sale on account of fraud or irregularity.

The case of *Jenkins* v. *Merriweather,* 109 Ill. 647, fully discusses this point, although in that case the motion was denied, for the reason that the time had expired for a redemption and because the sheriff had executed a deed. The facts are different here, for the sheriff's deed had not been issued at the time the motion was made and the redemption period had not expired. In the *Jenkins case* it is said: "Courts of record exercise the power to control their process as long as the proceeding is *in fieri.* This was the common law practice, which has always prevailed in the courts of this State. Under that practice the court may, on proper grounds, withdraw and quash executions and other writs, and no doubt set aside sales of real estate before they have ripened into titles; * * * In the case of *Day* v. *Graham,* 1 Gilm. 435, it was said, after reviewing many authorities on the question of the practice of setting aside such sales, on motion: 'We are of the opinion that when the plaintiff in the execution is the purchaser, and before he conveys to another, the court would set aside the sale, on motion.' "

This doctrine was also recognized in *International Packing Co.* v. *Cichowicz,* 114 Ill. App. 121, although this

case was later reversed on other grounds. In that case, at page 124, the Appellate Court said: "A court of law may exercise equitable jurisdiction over its process, and before a deed has issued set aside an execution sale made by the officer of the court, upon motion made before the time for redemption expires and upon notice to the purchaser and parties to the action. (*Mason* v. *Thomas*, 24 Ill. 286; *Roberts* v. *Clelland*, 82 id. 538, 541; *Swiggart* v. *Harber*, 4 Scam. 364, 374; *Rigg* v. *Cook*, 4 Gilm. 336, 348; *Oakes* v. *Williams*, 107 Ill. 154; *Hay* v. *Baugh*, 77 id. 500, 503; *Jenkins* v. *Merriweather*, 109 id. 647, 650; *Shirk* v. *Metropolis and New Columbia Gravel Road Co.* 110 id. 661, 665.) As early as the case of *Swiggart* v. *Harber*, *supra*, the Supreme Court held that the court issuing the execution had power to control it and the proceedings under it so long as they were *in fieri*, and that if a wrong was done under the process of the court, under such circumstances the court issuing the process 'alone possessed the power to correct the evil.' "

In *Parker* v. *Crilly*, 113 Ill. App. 309, it was sought by motion to set aside a sheriff's sale and cancel the certificate of sale. The court said: "It is conceded that a court of law has power over its own process. In this case the time of redemption from the sale had not expired when the motion was made to set aside. No deed had issued to the purchaser." In *Hayes* v. *Cassell*, 70 Ill. 669, it was pointed out that a certificate of purchase conveys no title. Appellants could not seek equitable relief because their remedy at law by motion was adequate. (*Clark* v. *Glos*, 180 Ill. 556, 574; *McDaniel* v. *Wetzel*, 264 id. 212, 217; *Allis-Chalmers Manf. Co.* v. *Hays*, 339 id. 230, 238.) In *Hay* v. *Baugh*, 77 Ill. 500, there was an irregularity in a sheriff's sale which was attacked by a bill in equity to set aside and cancel the sale of real estate on execution, the sheriff's certificate of purchase and the sheriff's deed. This court said: "Inasmuch as appellant had an ample remedy, by motion,

to set aside this sale, and failed to avail himself of it, he should be required to show a case calling loudly to equity for relief, before the sale would be set aside. He should not be permitted, after the time for a redemption expires, to set it aside, unless he can show a strong case of fraud, wrong or oppression. A defendant has no right to lay by and permit the purchaser to obtain a deed, then have the action of the officer abrogated, thus delaying the creditor in the collection of his debt, when, by applying to one of the two terms of the circuit court occurring after the sale, and before the right of redemption expires, he could obtain complete justice." In the case of *Huening* v. *Buckley*, 87 Ill. App. 648, the court held that a demurrer was rightfully sustained to a bill in equity to decide the existence of a homestead, stating that the complainant had a complete remedy at law by a motion in the court which issued the execution.

The judgments of the Appellate Court and of the circuit court are reversed and the cause is remanded to the circuit court of Henry county with directions to allow the appellants' motion.

*Reversed and remanded, with directions.*