THE FIRST NATIONAL BANK AND TRUST COMPANY IN GIBSON CITY, Plaintiff-Appellee, v. CLAYETTA WISSMILLER, Defendant-Appellant.

Fourth District   No. 4—88—0756

Opinion filed April 28, 1989.

George L. Chesley, of Chesley, Wilson & Prall, of Bloomington, for appellant.

Joseph M. Ambrose, of Saint & Ambrose, P.C., of Bloomington, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

After defendant defaulted on a loan, on August 11, 1986, plaintiff obtained a judgment for $150,497.41. The trial court's order reserved for later hearing a determination of the reasonable collection costs

and attorney fees, though the order found defendant was responsible for them. Plaintiff recorded a memorandum of the judgment and filed a citation to discover assets. Defendant filed a motion to vacate the memorandum of judgment and quash the citation to discover assets, which the trial court denied. Defendant appeals the denial of her motion to quash the citation to discover assets and to vacate the memorandum of judgment, arguing the judgment was not enforceable because of the reservation of fees and costs. In light of our determination that no appellate jurisdiction exists at this point in the proceedings, we dismiss the appeal. Therefore, we need not address the merits of the appeal.

The parties agree that the propriety of the denial of the motion to quash the citation to discover assets is no longer before the court.

On August 7, 1986, First National Bank and Trust Company, plaintiff, filed a complaint in which it alleged that on December 9, 1983, it loaned defendant $185,000, as evidenced by an attached mortgage note. The note matured on February 1, 1985. Plaintiff demanded payment and defendant refused to pay. The complaint further alleged defendant, pursuant to the note, had authorized any attorney to appear and confess judgment. Plaintiff then alleged $150,497.41 was due under the note and that it had incurred collection costs including attorney fees. Plaintiff requested the court: enter judgment for $150,497.41, plus costs; find defendant liable to plaintiff for collections costs, including reasonable attorney fees; and reserve for later hearing the issue of the amount of collection costs and the amount of attorney fees. A cognovit and warrant of attorney were filed on August 11, 1986.

On August 11, 1986, the trial court entered an order for confession of judgment. The court entered judgment in plaintiff's favor, found defendant was liable to plaintiff for collection costs, including reasonable attorney fees incurred in the collection of the note and judgment. The order reserved for later determination the amount of the attorney fees and costs.

On August 12, 1986, the plaintiff filed a memorandum of judgment in the McLean County recorder's office. On October 6, 1986, a warranty deed in trust was recorded whereby defendant conveyed property to a trust and named several persons co-trustees.

On February 27, 1987, plaintiff filed a citation to discover assets. Plaintiff also filed a petition for a rule to show cause. On July 22, 1987, at a combined hearing on the rule to show cause motion and the citation to discover assets, defendant filed a motion to quash the citation to discover assets and to vacate the memorandum of judgment.

The motion asserted the August 11, 1986, judgment was not final, appealable, or enforceable because it reserved the issue of attorney fees. Since the judgment was not final, appealable, or enforceable, defendant contended it could not be enforced by a citation to discover assets or a judgment lien. Therefore, it was appropriate for her to bring motions to quash and vacate those pleadings.

On October 22, 1987, the trial court denied defendant's motion to vacate the memorandum of judgment and quash the citation to discover assets. The court found the August 11, 1986, order was enforceable and final and that Supreme Court Rule 304(a) was inapplicable. (107 Ill. 2d R. 304(a).) Alternatively, the court found attorney fees issue was not a separate claim but was incidental to the claim for judgment on the note. The court denied defendant's motion to vacate the memorandum of judgment and quash the citation to discover assets. Defendant filed a motion for reconsideration of the October 22, 1987, order.

On September 16, 1988, the trial court denied defendant's motion for reconsideration of the October 22, 1987, order denying her motion to vacate the memorandum of judgment and quash the citation to discover assets. The court found the August 11, 1986, judgment was enforceable. Several other motions were filed in the trial court which are not salient to this appeal.

Defendant filed a timely notice of appeal from the denial of her motion for reconsideration of the October 22, 1987, order.

■ Initially, this court must address the appealability of preliminary orders which occur during supplemental proceedings to enforce judgments. Under section 2—1402 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1402) and Supreme Court Rule 277 (107 Ill. 2d R. 277), a judgment creditor may begin supplemental proceedings against the debtor by service of a citation to discover assets. The citation to discover assets does not adjudicate rights in the property but aids in the discovery of assets. It also may prohibit the party holding the asset from transferring it until further order of the court. (*Bank of Aspen v. Fox Cartage, Inc.* (1989), 126 Ill. 2d 307, 533 N.E.2d 1080.) The denial of a motion to quash a citation to discover assets is not appealable (*Aspen,* 126 Ill. 2d at 323, 533 N.E.2d at 1087), since it is considered an interlocutory order (*First State Bank v. Leffelman* (1987), 160 Ill. App. 3d 394, 513 N.E.2d 610; *Danville Teachers Federal Credit Union v. Burell* (1972), 6 Ill. App. 3d 94, 284 N.E.2d 729).

■ The creditor may also file a memorandum of judgment. Section 85 of "An Act concerning conveyances" states no judgment or

order shall be a lien upon or affect registered land until a memorandum of the judgment is filed in the registrar's office and a memorial of the same is entered on the last certificate of title. (Ill. Rev. Stat. 1987, ch. 30, par. 122.) The filing of the memorandum of judgment in essence attaches the lien upon the property to the extent of the debtor's ownership in it. (*Cochran v. Cutler* (1976), 39 Ill. App. 3d 602, 350 N.E.2d 59.) However, the memorandum of judgment in and of itself does not enforce the judgment lien or enable the sale of the premises. Further proceedings are necessary to do this. It, like a citation to discover assets, is a notice document. Therefore, denial of a motion to vacate the filing of the memorandum of judgment is interlocutory in nature and not appealable. (*Aspen*, 126 Ill. 2d 307, 533 N.E.2d 1080.) The memorandum of judgment is a preliminary step in the enforcement proceedings.

Defendant contends this court has jurisdiction because a motion to quash and vacate is a proper means of attacking a trial court's orders executing judgments. The cases cited by defendant, however, deal with orders enforcing the court's judgment, not with preliminary matters. *Brown v. Nelson* (1942), 379 Ill. 371, 41 N.E.2d 499; *Easter v. Holcomb* (1921), 221 Ill. App. 485.

■ Further support for the position that these rulings were interlocutory may be found in the parties' actions below. Defendant filed a motion to vacate the August 11, 1986, judgment by confession and plaintiff continued enforcement procedures. Several motions in the supplemental proceedings were still pending at the time defendant filed her notice of appeal. Since defendant essentially attacks the enforceability of the August 11, 1986, order, she should have obtained a ruling on her motion to vacate it pursuant to supreme court rules. This motion was pending when she filed her notice of appeal. However, the instant ruling on the preliminary supplemental proceedings is not appealable.

Therefore, the instant appeal is dismissed.

Appeal dismissed.

LUND and GREEN, JJ., concur.